LAW OFFICES OF RICHARD W. DAVIS
RICHARD W. DAVIS (SBN 161858)
rdavis@richardwdavis.com
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Telephone: 310.551.4123
Facsimile: 323.843.9291

Attorneys for Defendant Abt Electronics, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

ANNETTE CODY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ABT ELECTRONICS, INC., an Illinois corporation,

Defendant.

Case No.

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1332(d)(2)**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446 and 1453, Defendant Abt Electronics, Inc. hereby petitions to remove this action from the Superior Court of California, County of Los Angeles, Central District (Spring Street Courthouse), to the United States District Court for the Central District of California, Western Division. As grounds for removal, Defendant states:

## I. INTRODUCTION

1. Plaintiff Annette Cody ("Plaintiff") first commenced this action against Defendant Abt Electronics, Inc., by filing a Complaint in the Superior Court of California, County of Los Angeles, bearing Case No. 23STCV06834, on March 29,

LAW OFFICES OF RICHARD W. DAVIS
1901 AVENUE OF THE STARS, SUITE 200
LOS ANGELES, CALIFORNIA 90067
Tel 310.551.4123 • Fax 323.843.9291

LAW OFFICES OF RICHARD W. DAVIS
1901 AVENUE OF THE STARS, SUITE 200
LOS ANGELES, CALIFORNIA 90067
Tel 310.551.4123 • Fax 323.843.9291

2023 (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as Exhibit "A." The Complaint was served on Defendant on April 5, 2023. The State Court Action alleged against Defendant class action claims premised upon alleged violations of the California Invasion of Privacy Act ("CIPA"), California Penal Code §§ 631 and 632.7. *See* Exhibit "A." The amount in controversy was not stated in the Complaint, and it was not clear from the face of the Complaint that the aggregate amount in controversy exceeded $5 million.

2. Plaintiff filed a First Amended Complaint in the State Court Action on June 23, 2023. A true and correct copy of the First Amended Complaint is attached hereto as Exhibit "B." The First Amended Complaint was served on Defendant on June 23, 2023.

## II. PROCEDURAL REQUIREMENTS

3. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of service of the first pleading in the State Court Action that clearly set forth a removable claim. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (notice of removal may be filed within 30 days after receipt of an amended pleading from which it can be ascertained from the face of the document that removal is proper). The First Amended Complaint included allegations which, for the first time, established that the aggregate amount in controversy supported removal under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA").

4. No prior application for the same or similar relief has been made to this or any other court.

5. Venue is proper in the Western Division of this Court. Pursuant to 28 U.S.C. § 1441, *et seq.*, this cause may be removed from the Superior Court of California, County of Los Angeles, Central District (Spring Street Courthouse), to the United States District Court for the Central District of California, Western Division, as the State Court Action is pending within this district.

LAW OFFICES OF RICHARD W. DAVIS
1901 AVENUE OF THE STARS, SUITE 200
LOS ANGELES, CALIFORNIA 90067
Tel 310.551.4123 • Fax 323.843.9291

**III. BASIS OF REMOVAL**

6. Removal is proper pursuant to 28 U.S.C. § 1332(d)(2), because this is a class action within CAFA, 28 U.S.C. § 1332(d)(1)(B). The combined claims of all class members exceed $5 million exclusive of interests and costs (28 U.S.C. § 1332(d)(6)), there are at least 100 class members (28 U.S.C. § 1332 (d)(5)(B)), and Plaintiff Annette Cody is a citizen of a different state (California) than Defendant Abt Electronics, Inc. (Illinois).

**A. Minimal Diversity Under CAFA Exists**

7. Under CAFA, minimal diversity of citizenship is required. Minimal diversity under CAFA exists and existed between Plaintiff and Defendant at both the time of commencement of the State Court Action and also at the time this Notice of Removal was filed.

8. The First Amended Complaint alleges that Plaintiff is a resident and citizen of California. *See* First Amended Complaint, ¶ 4.

9. The First Amended Complaint alleges that Defendant is an Illinois corporation. *See* First Amended Complaint, ¶ 5. A corporation is a citizen of every state in which it has been incorporated and of the state where it has its principal place of business. *See*, 28 U.S.C. § 1332. A corporation's principal place of business is the corporation's "nerve center," which, typically, is the corporation's main headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 97 (2010) ("Hertz's center of direction, control, and coordination, its 'nerve center,' and its corporate headquarters are one and the same ….").

10. Defendant Abt Electronics, Inc. was incorporated in Illinois, and also has its principal place of business at 1200 Milwaukee Avenue, Glenview, Illinois 60025. Accordingly, Abt Electronics, Inc. was and is a citizen of Illinois at both the time of commencement of the State Court Action and the time this Notice of Removal was filed.

///

11.     Defendant Abt Electronics, Inc. is not a citizen of California, and was not a citizen of California at the time of commencement of the State Court Action or the time the removal petition was filed.

**B.     <u>The Amount in Controversy Requirement Is Satisfied</u>**

12.     The First Amended Complaint alleges that the number of class members is "in the thousands, if not more." *See* First Amended Complaint, ¶ 25.

13.     Pursuant to California Penal Code § 637.2(a)(1), each wronged class member would be entitled to recover the greater of: (a) $5,000 per violation; or (b) three times the amount of actual damages, if any.

14.     Based on the allegations of the First Amended Complaint, the aggregation of the claims of all potential class members would exceed the $5 million jurisdictional minimum under CAFA.

**IV.     <u>COMPLIANCE WITH 28 U.S.C. § 1446</u>**

15.     Pursuant to 28 U.S.C. § 1446(a), Defendants have attached a true and copy of all process, pleadings and orders that have been filed in the State Court Action. *See* Exhibit "C."

16.     Prior to filing, Defendant electronically served a courtesy copy of this Notice of Removal upon counsel for Plaintiff. After filing, Defendant will promptly serve written notice of this Notice of Removal upon counsel for Plaintiff, and will file the same with the Clerk of the Superior Court of California, County of Los Angeles, in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446 and 1453, Defendant hereby removes the above-captioned action from the Superior Court of California, County of Los Angeles, Central District (Spring Street Courthouse), to

///
///
///

LAW OFFICES OF RICHARD W. DAVIS
1901 AVENUE OF THE STARS, SUITE 200
LOS ANGELES, CALIFORNIA 90067
Tel 310.551.4123 • Fax 323.843.9291

the United States District Court for the Central District of California, Western Division.

DATED: June 30, 2023

LAW OFFICES OF RICHARD W. DAVIS

By: Richard Davis

RICHARD W. DAVIS
Attorneys for Defendant Abt Electronics, Inc.

LAW OFFICES OF RICHARD W. DAVIS
1901 AVENUE OF THE STARS, SUITE 200
LOS ANGELES, CALIFORNIA 90067
Tel 310.551.4123 • Fax 323.843.9291

# EXHIBIT A

23STCV06834

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Elihu Berle

Electronically FILED by Superior Court of California, County of Los Angeles on 03/29/2023 08:56 AM David W. Slayton, Executive Officer/Clerk of Court, by G. Carini,Deputy Clerk

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

ANNETTE CODY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ABT ELECTRONICS, INC., an Illinois corporation,

Defendant.

Case No. 23STCV06834

**CLASS ACTION COMPLAINT**

CLASS ACTION COMPLAINT

## INTRODUCTION

**Defendant secretly enables and allows a third-party spyware company to eavesdrop on the private conversations of everyone who communicates through the chat feature at www.abt.com (the "Website"). The spyware company then exploits and monetizes that data by sharing it with other third parties, who use the private chat data to bombard the unsuspecting visitor with targeted marketing.**

**Defendant does this without visitors' informed consent. As a result, Defendant has violated the California Invasion of Privacy Act ("CIPA").**

## JURISDICTION AND VENUE

1. As a Court of general jurisdiction, This Court has jurisdiction over all matters presented to it per the mandates of the California Constitution.

2. Venue is proper in this County in accordance with California Code of Civil Procedure Section 394(b) because "none of the defendants reside in the state." As such, venue is proper "in any county that the plaintiff may designate in his or her complaint."

3. Defendant is subject to jurisdiction under California's "long-arm" statute found at California Code of Civil Procedure Section 410.10 because the exercise of jurisdiction over Defendant is not "inconsistent with the Constitution of this state or the United States." Indeed, Plaintiff believes that Defendant generates a minimum of eight percent of its national website sales to Californians, such that the website "is the equivalent of a physical store in California." Since this case involves false representations made in part on Defendant's website, California courts can "properly exercise personal jurisdiction" over the Defendant in accordance with the Court of Appeal opinion in *Thurston v. Fairfield Collectibles of Georgia*, 53 Cal.App.5th 1231 (2020).

## PARTIES

4. Plaintiff is a resident and citizen of California. While physically within California during the class period, Plaintiff visited Defendant's website using a smart phone and conducted a brief conversation with an agent of Defendant through the website chat feature. Plaintiff was not advised that the chat was monitored, intercepted, or recorded.

5. Defendant is an Illinois electronics company. It describes itself as the largest independent electronics retailer in the Country, ships to all 50 states, and has over 1,500 employees.

6. Defendant owns, operates, and/or controls the above-referenced website.

## FACTUAL ALLEGATIONS

7. CIPA prohibits both wiretapping and eavesdropping of electronic communications without the consent of all parties to the communication. Compliance with CIPA is easy, and most website operators comply by conspicuously warning visitors if their conversations are being recorded, intercepted, or eavesdropped upon.[1]

8. Unlike most companies, Defendant *ignores* CIPA. Instead, Defendant enables and allows an independent third party to eavesdrop on all such conversations. Why? Because, as one industry expert notes, "*Live chat transcripts are the gold mines of customer service. At your fingertips, you have valuable customer insight to make informed business decisions. . .* ***When people are chatting, you have direct access to their exact pain points.***"). *See* https://www.ravience.co/post/improve-marketing-roi-live-chat-transcripts (last visited March 2023) (emphasis added).

9. Defendant's actions are not incidental to facilitating e-commerce, nor are they undertaken in the ordinary course of business. To the contrary, as noted above, Defendant's actions violate industry norms and the legitimate expectations of consumers.

10. To enable the eavesdropping, Defendant has allowed a third party to covertly embed code into Defendant's chat feature. On information and belief, the third party is a company named "Captivated" and/or "Salesforce", and is hereafter referred to as the "Third Party Spyware Company."

11. The secret code enables and allows the Third Party Spyware Company to secretly intercept in real time, eavesdrop upon, and store transcripts of Defendant's chat communications with unsuspecting website visitors – even when such conversations are private and personal. Defendant neither informs visitors of this conduct nor obtains their consent to these intrusions.

---

[1] https://www.leechtishman.com/insights/blog/the-california-invasion-of-privacy-act-californias-wiretap-act/ ("*CIPA Compliance is not difficult. A business must take certain steps. . .with a chat feature. . .to ensure that it obtains valid consent consistent with the holdings of courts interpreting CIPA.*") (last visited March 2023) (emphasis added).

12. One might reasonably wonder why a Third Party Spyware Company would be interested in intercepting and recording the website chat interactions between Defendant and unsuspecting visitors to Defendant's website. As shown below, it all about money.

13. The Third Party Spyware Company's chat software is "integrated" with Meta, Inc.'s subsidiaries like Facebook and WhatsApp. (Integration allows various software sub-systems to share data to operate as a unified system). According to Bloomerg.com, this is all part of Meta's secret ***"plan to profit from private chats."*** As Bloomberg explained, Meta's software integration "*can manage customer messages from multiple services on one central dashboard. That's central to Meta's plan to make money off of its two messaging apps, WhatsApp and Messenger.*" *See* https://www.bloomberg.com/news/articles/2022-02-15/meta-closes-1-billion-kustomer-deal-after-regulatory-review (last downloaded March 2023).

14. So how does it work? ***First,*** Meta identifies "user interests" by monitoring a collection of "offsite" user activity such as website visits and interactions (including private chat communications between Defendant and visitors) by "integrating" its software with the Third Party Spyware Company's software. ***Second,*** Meta generates revenue by selling advertising space through its subsidiaries' ability to identify those offsite user interests. ***Third and finally,*** after the chat transcripts intercepted by the Third Party Sypware Company are provided to Meta through "integration", Meta brands like Facebook and WhatsApp bombard the unsuspecting website visitors with targeted advertising based upon the user's website visits and interactions.

15. Through the preceding acts, Meta's subsidiary can freely boast that it will "Transform your support center into a profit generator." *See* https://www.kustomer.com/product/customer-service/ (last downloaded March 2023). Indeed, all of the schemers – Defendant, the Third Party Spyware Company, and Meta – all profit from secretly exploiting the private chat data through targeted social media advertising because "*Targeted advertising allows brands to send different messaging to different consumers based on what the brand knows about the customer. The better a brand can demonstrate that it understands what its customers want and need, the more likely customers respond to advertising and engage with the brand. Social media targeting helps brands leverage consumers' behavior on the web, search engines, and social media sites to present ads that reflect consumer*

*interests.*"[2]

16. The Third Party Spyware Company's exploitation, monetization, use of, and interaction with the data it gathers through the chat feature in real time makes it more than a mere "extension" of Defendant.

17. Given the nature of Defendant's business, visitors share personal and confidential data and personally identifying information with Defendant via the Website chat feature.

18. Within the last year, Plaintiff visited Defendant's Website. Plaintiff used a smart phone (a cellular telephone with integrated computers to enable web browsing). As such, Plaintiff's conversations with Defendant were transmitted from "cellular radio telephones" and/or "landline telephones" as defined by CIPA.

19. By definition, Defendant's chat communications from its website are transmitted to website visitors by either cellular telephony or landline telephony. *See* https://www.britannica.com/technology/Internet ("How does the Internet work?") ("*The Internet works through a series of networks that connect devices around the world through telephone lines.*") (last visited March 2023).

20. Defendant did not inform Class members that Defendant was secretly allowing, aiding, and abetting the Third Party Spyware Company to intercept and eavesdrop on the conversations during transmission, or that the Third Party Spyware Company provided data from such transcripts to Meta through "integration" with Meta software.

21. Defendant did not obtain Plaintiff's or the Class members' express or implied consent for the preceding intrusions, nor did Plaintiff or Class members know at the time of the conversations of Defendant's conduct.

**CLASS ALLEGATIONS**

22. Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

---

[2] See https://www.adroll.com/blog/what-is-targeted-advertising#:~:text=Targeted%20advertising%20allows%20brands%20to,and%20engage%20with%20the%20brand (last visited March 2023).

**All persons within the state of California who within the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's Website; and (2) whose communications were recorded and/or eavesdropped upon without prior consent.**

23. NUMEROSITY: Plaintiff does not know the number of Class members but believes the number to be in the thousands, if not more. The exact identities of Class members may be ascertained by the records maintained by Defendant.

24. COMMONALITY: Common questions of fact and law exist as to all Class members, and predominate over any questions affecting only individual members of the Class. Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class member, include but are not limited to the following:

a. Whether Defendant aided and abetted a third party in eavesdropping on such communications;

b. Whether Plaintiff and Class members are entitled to statutory penalties; and

c. Whether Class members are entitled to injunctive relief.

25. TYPICALITY: As a person who visited Defendant's Website and whose electronic communication was recorded, intercepted and eavesdropped upon, Plaintiff is asserting claims that are typical of the Class.

26. ADEQUACY: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation. All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

27. SUPERIORITY: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class members is impracticable and inefficient. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

**FIRST CAUSE OF ACTION**

**Violations of the California Invasion of Privacy Act**

**Cal. Penal Code § 631**

28. Section 631(a) of California's Penal Code imposes liability upon any entity that "by means of any machine, instrument, contrivance, or in any other manner," (1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section". ***Here, Defendant does all three.***

29. Section 631 of the California Penal Code applies to internet communications and thus applies to Plaintiff's and the Class's electronic communications with Defendant's Website. "Though written in terms of wiretapping, Section 631(a) applies to Internet communications. It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.' *Javier v. Assurance IQ, LLC*, 2022 WL 1744107, at *1 (9th Cir. 2022).

30. The Third Party Spyware Company's software embedded on Defendant's Website to record and eavesdrop upon the Class's communications qualifies as a "machine, instrument, contrivance, or ... other manner" used to engage in the prohibited conduct alleged herein.

31. At all relevant times, Defendant intentionally caused the internet communication between Plaintiff and Class Members with Defendant's Website to be recorded. Defendant also aided, abetted at least one third party to eavesdrop upon such conversations during transmission and in real time.

32. Plaintiff and Class Members did not expressly or impliedly consent to any of Defendant's actions.

33. Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 631(a), entitling Plaintiff and Class Members to injunctive relief and statutory damages.

34. In a materially identical case, a court recently held that the above-described allegations state viable claims for violations of section 631(a) of CIPA. *See Byars v. The Goodyear Tire & Rubber Co.*, No. 5:22-cv-01358-SSS-KKx, 2023 WL 1788553, *4 (C.D. Cal. Feb. 3, 2023) (Sykes, J.) ("*Byars contends that Goodyear, using a third-party service, "intercepts in real time" a website visitors' chat conversation. Byars alleges that, using the chat conversation, website visitors share sensitive personal information. Because Byars has pled sufficient facts to show the contents of the communications and that the communications were intercepted, Byars has sufficiently stated a claim under § 631(a).*") (emphasis added).

35. In a materially identical case, a court recently held that the above-described allegations state viable claims for violations of section 632.7 of CIPA. *See Byars v. The Goodyear Tire & Rubber Co.*, No. 5:22-cv-01358, 2023 WL 1788553, *5 (C.D. Cal. Feb. 3, 2023) (Sykes, J.) ("*Byars' alleged communication with Goodyear occurred via Goodyear's chat feature on its website. Byars accessed Goodyear's website using her smartphone. As smartphones are cellular phones with web capabilities, Byars' smartphone falls within the cellular phone category. Because Byars' contends that users of Goodyear's website "share highly sensitive personal data" via Goodyear's chat feature, Byars has sufficiently alleged that website users had a reasonable expectation of privacy and therefore the communications fall within the scope of § 632.7.*") (emphasis added).

## <u>SECOND CAUSE OF ACTION</u>

### Violations of the California Invasion of Privacy Act

### Cal. Penal Code § 632.7

36. Section 632.7 of California's Penal Code imposes liability upon anyone "who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two

cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone."

37. Plaintiff and the class members communicated with Defendant using telephony subject to the mandates and prohibitions of Section 632.7.

38. Defendant's communication from the chat feature on its website is transmitted via telephony subject to the mandates and prohibitions of Section 632.7.

39. As set forth above, Defendant recorded telephony communication without the consent of all parties to the communication in violation of Section 632.7.

40. As set forth above, Defendant also aided and abetted a third party in the interception, reception, and/or intentional recordation of telephony communication in violation of Section 632.7.

41. Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 632.7, entitling Plaintiff and Class members to injunctive relief and statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1. An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel;
2. An order declaring Defendant's conduct violates CIPA;
3. An order of judgment in favor of Plaintiff and the Class and against Defendant on the causes of action asserted herein;
4. An order enjoining Defendant's conduct as alleged herein and any other injunctive relief that the Court finds proper;
5. Statutory damages pursuant to CIPA;
6. Reasonable attorneys' fees and costs; and

All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

Dated: March 29, 2023

PACIFIC TRIAL ATTORNEYS, APC

By: ______________________
Scott. J. Ferrell
Attorneys for Plaintiff

# EXHIBIT B

E-Served: Jun 23 2023 1:56PM PDT Via Case Anywhere

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| ANNETTE CODY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ABT ELECTRONICS, INC., an Illinois corporation,<br><br>Defendant. | Case No. 23STCV06834<br>Assigned to Hon. Elihu M. Berle / Dept. 6<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Action filed: April 3, 2023<br>Trial date: None set |

## INTRODUCTION

**Defendant ABT Electronics, Inc. ("Defendant") secretly enables and allows a third-party spyware company to eavesdrop on the private conversations of everyone who communicates through the chat feature at www.abt.com (the "Website"). The spyware company then exploits and monetizes that data by sharing it with other third parties, who use the private chat data to bombard the unsuspecting visitor with targeted marketing.**

**Defendant does this without visitors' informed consent. As a result, Defendant has violated the California Invasion of Privacy Act ("CIPA").**

## JURISDICTION AND VENUE

1. As a Court of general jurisdiction, this Court has jurisdiction over all matters presented to it per the mandates of the California Constitution.

2. Venue is proper in this County in accordance with California Code of Civil Procedure § 394(b) because "none of the defendants reside in the state." As such, venue is proper "in any county that the plaintiff may designate in his or her complaint."

3. Defendant is subject to jurisdiction under California's "long-arm" statute found at California Code of Civil Procedure § 410.10 because the exercise of jurisdiction over Defendant is not "inconsistent with the Constitution of this state or the United States." Defendant regularly accepts and fulfills orders from California customers. Indeed, Plaintiff Annette Cody ("Plaintiff") believes that Defendant generates a minimum of eight percent of its national Website sales to Californians, such that the website "is the equivalent of a physical store in California." Since this case involves false representations made in part on Defendant's website, California courts can "properly exercise personal jurisdiction" over the Defendant in accordance with the Court of Appeal opinion in *Thurston v. Fairfield Collectibles of Georgia*, 53 Cal.App.5th 1231 (2020).

## PARTIES

4. Plaintiff is a resident and citizen of California. In February 2023, and while physically within California, Plaintiff visited Defendant's Website using a smart phone and conducted a brief conversation with an agent of Defendant through the Website chat feature. Plaintiff was not advised that the chat was monitored, intercepted, or recorded.

5. Defendant is an Illinois electronics company. It describes itself as the largest independent electronics retailer in the Country, ships to all 50 states, and has over 1,500 employees.

6. Defendant owns, operates, and/or controls the above-referenced Website.

**FACTUAL ALLEGATIONS**

7. CIPA prohibits both wiretapping and eavesdropping of electronic communications without the consent of all parties to the communication. Compliance with CIPA is easy, and most website operators comply by conspicuously warning visitors if their conversations are being recorded, intercepted, or eavesdropped upon.[1]

8. Unlike most companies, Defendant *ignores* CIPA. Instead, Defendant enables and allows an independent third party to eavesdrop on all such conversations. Why? Because, as one industry expert notes, "*Live chat transcripts are the gold mines of customer service. At your fingertips, you have valuable customer insight to make informed business decisions. . .**When people are chatting, you have direct access to their exact pain points.***"). *See* https://www.ravience.co/post/improve-marketing-roi-live-chat-transcripts (last visited June 2023) (emphasis added).

9. Defendant's actions are not incidental to facilitating e-commerce, nor are they undertaken in the ordinary course of business. To the contrary, as noted above, Defendant's actions violate industry norms and the legitimate expectations of consumers.

10. To enable the eavesdropping, Defendant has allowed a third party to covertly embed code into Defendant's chat feature. On information and belief, the third party is a company named "Salesforce" and is hereafter referred to as the "Third-Party Spyware Company." The Third-Party Spyware Company runs the chat service from its servers, but customers interact with the chat service on Defendant's Website.

11. The secret code enables and allows the Third-Party Spyware Company to secretly intercept in real time, eavesdrop upon, and store transcripts of Defendant's chat communications with

---

[1] https://www.leechtishman.com/insights/blog/the-california-invasion-of-privacy-act-californias-wiretap-act/ ("*CIPA Compliance is not difficult. A business must take certain steps. . .with a chat feature. . .to ensure that it obtains valid consent consistent with the holdings of courts interpreting CIPA.*") (last visited June 2023) (emphasis added).

unsuspecting website visitors – even when such conversations are private and personal. Defendant neither informs visitors of this conduct nor obtains their consent to these intrusions. The Live Agent Administrator Manual (the "Manual") from Salesforce notes that "Chat transcripts are created automatically and are meant to provide a paper trail about your agents' interactions with customers."

12. The Manual further provides that supervisors can view transcripts in real time. This is accomplished because the contents of the chat are being routed through the Third-Party Spyware Company's webservers in real time, and then sent to Defendant. Thus, through the chat function, the Third-Party Spyware Company is able to record the other electronic communications of visitors to Websites where the code is installed, including the content of all chat communications between the Website and visitors to the Website. Through this process the Third-Party Spyware Company can also track the amount of time spent on the Website, geographic location of the visitor, and other potentially personally identifiable information.

13. One might reasonably wonder why the Third-Party Spyware Company would be interested in intercepting and recording the Website chat interactions between Defendant and unsuspecting visitors to Defendant's Website. As shown below, it all about money.

14. The Third-Party Spyware Company's chat software is "integrated" with Meta, Inc.'s subsidiaries like Facebook and WhatsApp. (Integration allows various software sub-systems to share data to operate as a unified system). According to Bloomerg.com, this is all part of Meta's secret "***plan to profit from private chats.***" As Bloomberg explained, Meta's software integration "*can manage customer messages from multiple services on one central dashboard. That's central to Meta's plan to make money off of its two messaging apps, WhatsApp and Messenger*." *See* https://www.bloomberg.com/news/articles/2022-02-15/meta-closes-1-billion-kustomer-deal-after-regulatory-review (last downloaded March 2023).

15. So how does it work? ***First***, Meta identifies "user interests" by monitoring a collection of "offsite" user activity such as Website visits and interactions (including private chat communications between Defendant and visitors) by "integrating" its software with the Third-Party Spyware Company's software. ***Second***, Meta generates revenue by selling advertising space through its subsidiaries' ability to identify those offsite user interests. ***Third and finally***, after the chat

transcripts intercepted by the Third-Party Spyware Company, they are provided to Meta through "integration." Meta brands like Facebook and WhatsApp are then able to bombard the unsuspecting Website visitors with targeted advertising based upon the user's Website visits, communications with the chat feature, and interactions with the Website.

16. Through the preceding acts, one of Meta's subsidiaries freely boasts that it will "Transform your support center into a profit generator." *See* https://www.kustomer.com/product/customer-service/ (last downloaded March 2023).

17. Indeed, all of the schemers – Defendant, the Third-Party Spyware Company, and Meta – all profit from secretly exploiting the private chat data through targeted social media advertising because "*Targeted advertising allows brands to send different messaging to different consumers based on what the brand knows about the customer. The better a brand can demonstrate that it understands what its customers want and need, the more likely customers respond to advertising and engage with the brand. Social media targeting helps brands leverage consumers' behavior on the web, search engines, and social media sites to present ads that reflect consumer interests.*"[2]

18. The Third-Party Spyware Company's exploitation, monetization, use of, and interaction with the data it gathers through the chat feature in real time makes it more than a mere "extension" of Defendant.

19. Given the nature of Defendant's business, visitors may share personal and confidential data and personally identifying information with Defendant via the Website chat feature.

20. In February 2023, Plaintiff visited Defendant's Website and used a smart phone (a cellular telephone with integrated computers to enable web browsing) to engage with the Website's chat feature. As such, Plaintiff's conversations with Defendant were transmitted from "cellular radio telephones" and/or "landline telephones" as defined by CIPA.

21. By definition, Defendant's chat communications from its Website are transmitted to Website visitors by either cellular telephony or landline telephony. *See* https://www.britannica.com/technology/Internet ("How does the Internet work?") ("*The Internet works*

---

[2] See https://www.adroll.com/blog/what-is-targeted-advertising#:~:text=Targeted%20advertising%20allows%20brands%20to,and%20engage%20with%20the%20brand (last visited March 2023).

*through a series of networks that connect devices around the world through telephone lines.*") (last visited March 2023).

22. Defendant did not inform Plaintiff of the Class members that Defendant was secretly allowing, aiding, and abetting the Third-Party Spyware Company to intercept and eavesdrop on the conversations during transmission, or that the Third-Party Spyware Company provided data from such transcripts to Meta through "integration" with Meta software.

23. Defendant did not obtain Plaintiff's or the Class members' express or implied consent for the preceding intrusions, nor did Plaintiff or Class members know at the time of the conversations of Defendant's conduct.

## CLASS ALLEGATIONS

24. Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

> **All persons within the United States who within the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's Website; and (2) whose communications were recorded and/or eavesdropped upon without prior consent.**

25. NUMEROSITY: Plaintiff believes the number of potential Class members to be in the thousands, if not more. The exact identities of Class members may be ascertained by the records maintained by Defendant.

26. COMMONALITY: Common questions of fact and law exist as to all Class members, and predominate over any questions affecting only individual members of the Class. Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class member, include but are not limited to the following:

a. Whether Defendant aided and abetted a third party in eavesdropping on such communications;

b. Whether Plaintiff and Class members are entitled to statutory penalties; and

c. Whether Class members are entitled to injunctive relief.

27. TYPICALITY: As a person who visited Defendant's Website and whose electronic communication was recorded, intercepted and eavesdropped upon, Plaintiff is asserting claims that are typical of the Class.

28. ADEQUACY: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation. All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

29. SUPERIORITY: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class members is impracticable and inefficient. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

## CAUSE OF ACTION

### Violations of the California Invasion of Privacy Act

### Cal. Penal Code § 631

30. Section 631(a) of California's Penal Code imposes liability upon any entity that "by means of any machine, instrument, contrivance, or in any other manner," (1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section". ***Here, Defendant does all three.***

31. Section 631 of the California Penal Code applies to internet communications and thus applies to Plaintiff's and the Class's electronic communications with Defendant's Website. "Though

written in terms of wiretapping, Section 631(a) applies to Internet communications. It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.' *Javier v. Assurance IQ, LLC*, 2022 WL 1744107, at *1 (9th Cir. 2022).

32. The Third-Party Spyware Company's software embedded on Defendant's Website to record and eavesdrop upon the Class's communications qualifies as a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct alleged herein.

33. At all relevant times, Defendant intentionally caused the internet communication between Plaintiff and Class Members with Defendant's Website to be recorded. Defendant also aided, abetted at least one third party to eavesdrop upon such conversations during transmission and in real time.

34. Plaintiff and Class Members did not expressly or impliedly consent to any of Defendant's actions.

35. Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 631(a), entitling Plaintiff and Class Members to injunctive relief and statutory damages.

36. In a materially identical case, a court recently held that the above-described allegations state viable claims for violations of section 631(a) of CIPA. *See Byars v. The Goodyear Tire & Rubber Co.*, No. 5:22-cv-01358-SSS-KKx, 2023 WL 1788553, *4 (C.D. Cal. Feb. 3, 2023) (Sykes, J.) ("*Byars contends that Goodyear, using a third-party service, "intercepts in real time" a website visitors' chat conversation. Byars alleges that, using the chat conversation, website visitors share sensitive personal information. Because Byars has pled sufficient facts to show the contents of the communications and that the communications were intercepted, Byars has sufficiently stated a claim under § 631(a).*") (emphasis added).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1. An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel;

2. An order declaring Defendant's conduct violates CIPA;

3. An order of judgment in favor of Plaintiff and the Class and against Defendant on the causes of action asserted herein;

4. An order enjoining Defendant's conduct as alleged herein and any other injunctive relief that the Court finds proper;

5. Statutory damages pursuant to CIPA;

6. Reasonable attorneys' fees and costs; and

All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

Dated: June 23, 2023

PACIFIC TRIAL ATTORNEYS, APC

By: ______________________

Scott. J. Ferrell
Attorneys for Plaintiff

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 4100 Newport Place, Suite 800, Newport Beach, CA 92660.

On June 23, 2023, I served the foregoing document described as **FIRST AMENDED CLASS ACTION COMPLAINT** on the following person(s) in the manner indicated:

**SEE ATTACHED SERVICE LIST**

☒       (BY CASE ANYWHERE)    I submitted an electronic version of the document(s) to Case Anywhere through the upload feature at www.caseanywhere.com.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on June 23, 2023, at Newport Beach, California.

Mandy K. Jung

**SERVICE LIST**

| | |
|---|---|
| Richard W. Davis<br>LAW OFFICES OF RICHARD W. DAVIS<br>1901 Avenue of the Stars, Suite 200<br>Los Angeles, California 90067<br>Telephone: 310-551-4123<br>Facsimile: 323-843-9291<br>Email: rdavis@richardwdavis.com | Attorneys for Defendant<br>ABT ELECTRONICS, INC. |

# EXHIBIT C

Electronically FILED by Superior Court of California, County of Los Angeles on 03/29/2023 08:55 AM David W. Slayton, Executive Officer/Clerk of Court, by G. Carini,Deputy Clerk
23STCV06834

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
ABT ELECTRONICS, INC., an Illinois corporation,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
ANNETTE CODY, individually and on behalf of all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
312 N. SPRING STREET, LOS ANGELES, CA 90012

CASE NUMBER:
*(Número del Caso):*
23STCV06834

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott J. Ferrell (Bar # 202091) / Victoria C. Knowles (Bar # 277231)
PACIFIC TRIAL ATTORNEYS, APC Phone No.: (949) 706-6464
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660

DATE: 03/29/2023 *(Fecha)*
David W. Slayton, Executive Officer/Clerk of Court
Clerk, by *(Secretario)* G. Carini, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: ABT ELECTRONICS, INC., an Illinois corporation

under: [X] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify)*:

4. [ ] by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

23STCV06834

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Elihu Berle

Electronically FILED by Superior Court of California, County of Los Angeles on 03/29/2023 08:56 AM David W. Slayton, Executive Officer/Clerk of Court, by G. Carini,Deputy Clerk

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

ANNETTE CODY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ABT ELECTRONICS, INC., an Illinois corporation,

Defendant.

Case No. 23STCV06834

**CLASS ACTION COMPLAINT**

**INTRODUCTION**

**Defendant secretly enables and allows a third-party spyware company to eavesdrop on the private conversations of everyone who communicates through the chat feature at www.abt.com (the "Website"). The spyware company then exploits and monetizes that data by sharing it with other third parties, who use the private chat data to bombard the unsuspecting visitor with targeted marketing.**

**Defendant does this without visitors' informed consent. As a result, Defendant has violated the California Invasion of Privacy Act ("CIPA").**

**JURISDICTION AND VENUE**

1. As a Court of general jurisdiction, This Court has jurisdiction over all matters presented to it per the mandates of the California Constitution.

2. Venue is proper in this County in accordance with California Code of Civil Procedure Section 394(b) because "none of the defendants reside in the state." As such, venue is proper "in any county that the plaintiff may designate in his or her complaint."

3. Defendant is subject to jurisdiction under California's "long-arm" statute found at California Code of Civil Procedure Section 410.10 because the exercise of jurisdiction over Defendant is not "inconsistent with the Constitution of this state or the United States." Indeed, Plaintiff believes that Defendant generates a minimum of eight percent of its national website sales to Californians, such that the website "is the equivalent of a physical store in California." Since this case involves false representations made in part on Defendant's website, California courts can "properly exercise personal jurisdiction" over the Defendant in accordance with the Court of Appeal opinion in *Thurston v. Fairfield Collectibles of Georgia*, 53 Cal.App.5th 1231 (2020).

**PARTIES**

4. Plaintiff is a resident and citizen of California. While physically within California during the class period, Plaintiff visited Defendant's website using a smart phone and conducted a brief conversation with an agent of Defendant through the website chat feature. Plaintiff was not advised that the chat was monitored, intercepted, or recorded.

5. Defendant is an Illinois electronics company. It describes itself as the largest independent electronics retailer in the Country, ships to all 50 states, and has over 1,500 employees.

6. Defendant owns, operates, and/or controls the above-referenced website.

**FACTUAL ALLEGATIONS**

7. CIPA prohibits both wiretapping and eavesdropping of electronic communications without the consent of all parties to the communication. Compliance with CIPA is easy, and most website operators comply by conspicuously warning visitors if their conversations are being recorded, intercepted, or eavesdropped upon.[1]

8. Unlike most companies, Defendant *ignores* CIPA. Instead, Defendant enables and allows an independent third party to eavesdrop on all such conversations. Why? Because, as one industry expert notes, "*Live chat transcripts are the gold mines of customer service. At your fingertips, you have valuable customer insight to make informed business decisions. . .* ***When people are chatting, you have direct access to their exact pain points.***"). *See* https://www.ravlence.co/post/improve-marketing-roi-live-chat-transcripts (last visited March 2023) (emphasis added).

9. Defendant's actions are not incidental to facilitating e-commerce, nor are they undertaken in the ordinary course of business. To the contrary, as noted above, Defendant's actions violate industry norms and the legitimate expectations of consumers.

10. To enable the eavesdropping, Defendant has allowed a third party to covertly embed code into Defendant's chat feature. On information and belief, the third party is a company named "Captivated" and/or "Salesforce", and is hereafter referred to as the "Third Party Spyware Company."

11. The secret code enables and allows the Third Party Spyware Company to secretly intercept in real time, eavesdrop upon, and store transcripts of Defendant's chat communications with unsuspecting website visitors – even when such conversations are private and personal. Defendant neither informs visitors of this conduct nor obtains their consent to these intrusions.

---

[1] https://www.leechtishman.com/insights/blog/the-california-invasion-of-privacy-act-californias-wiretap-act/ ("*CIPA Compliance is not difficult. A business must take certain steps. . .with a chat feature. . .to ensure that it obtains valid consent consistent with the holdings of courts interpreting CIPA.*") (last visited March 2023) (emphasis added).

12. One might reasonably wonder why a Third Party Spyware Company would be interested in intercepting and recording the website chat interactions between Defendant and unsuspecting visitors to Defendant's website. As shown below, it all about money.

13. The Third Party Spyware Company's chat software is "integrated" with Meta, Inc.'s subsidiaries like Facebook and WhatsApp. (Integration allows various software sub-systems to share data to operate as a unified system). According to Bloomerg.com, this is all part of Meta's secret ***"plan to profit from private chats."*** As Bloomberg explained, Meta's software integration "*can manage customer messages from multiple services on one central dashboard. That's central to Meta's plan to make money off of its two messaging apps, WhatsApp and Messenger.*" See https://www.bloomberg.com/news/articles/2022-02-15/meta-closes-1-billion-kustomer-deal-after-regulatory-review (last downloaded March 2023).

14. So how does it work? ***First,*** Meta identifies "user interests" by monitoring a collection of "offsite" user activity such as website visits and interactions (including private chat communications between Defendant and visitors) by "integrating" its software with the Third Party Spyware Company's software. ***Second,*** Meta generates revenue by selling advertising space through its subsidiaries' ability to identify those offsite user interests. ***Third and finally,*** after the chat transcripts intercepted by the Third Party Sypware Company are provided to Meta through "integration", Meta brands like Facebook and WhatsApp bombard the unsuspecting website visitors with targeted advertising based upon the user's website visits and interactions.

15. Through the preceding acts, Meta's subsidiary can freely boast that it will "Transform your support center into a profit generator." *See* https://www.kustomer.com/product/customer-service/ (last downloaded March 2023). Indeed, all of the schemers – Defendant, the Third Party Spyware Company, and Meta – all profit from secretly exploiting the private chat data through targeted social media advertising because "*Targeted advertising allows brands to send different messaging to different consumers based on what the brand knows about the customer. The better a brand can demonstrate that it understands what its customers want and need, the more likely customers respond to advertising and engage with the brand. Social media targeting helps brands leverage consumers' behavior on the web, search engines, and social media sites to present ads that reflect consumer*

*interests.*"[2]

16. The Third Party Spyware Company's exploitation, monetization, use of, and interaction with the data it gathers through the chat feature in real time makes it more than a mere "extension" of Defendant.

17. Given the nature of Defendant's business, visitors share personal and confidential data and personally identifying information with Defendant via the Website chat feature.

18. Within the last year, Plaintiff visited Defendant's Website. Plaintiff used a smart phone (a cellular telephone with integrated computers to enable web browsing). As such, Plaintiff's conversations with Defendant were transmitted from "cellular radio telephones" and/or "landline telephones" as defined by CIPA.

19. By definition, Defendant's chat communications from its website are transmitted to website visitors by either cellular telephony or landline telephony. *See* https://www.britannica.com/technology/Internet ("How does the Internet work?") ("*The Internet works through a series of networks that connect devices around the world through telephone lines.*") (last visited March 2023).

20. Defendant did not inform Class members that Defendant was secretly allowing, aiding, and abetting the Third Party Spyware Company to intercept and eavesdrop on the conversations during transmission, or that the Third Party Spyware Company provided data from such transcripts to Meta through "integration" with Meta software.

21. Defendant did not obtain Plaintiff's or the Class members' express or implied consent for the preceding intrusions, nor did Plaintiff or Class members know at the time of the conversations of Defendant's conduct.

**CLASS ALLEGATIONS**

22. Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

---

2 See https://www.adroll.com/blog/what-is-targeted-advertising#:~:text=Targeted%20advertising%20allows%20brands%20to,and%20engage%20with%20the%20brand (last visited March 2023).

**All persons within the state of California who within the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's Website; and (2) whose communications were recorded and/or eavesdropped upon without prior consent.**

23.    NUMEROSITY: Plaintiff does not know the number of Class members but believes the number to be in the thousands, if not more. The exact identities of Class members may be ascertained by the records maintained by Defendant.

24.    COMMONALITY: Common questions of fact and law exist as to all Class members, and predominate over any questions affecting only individual members of the Class. Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class member, include but are not limited to the following:

    a.    Whether Defendant aided and abetted a third party in eavesdropping on such communications;

    b.    Whether Plaintiff and Class members are entitled to statutory penalties; and

    c.    Whether Class members are entitled to injunctive relief.

25.    TYPICALITY: As a person who visited Defendant's Website and whose electronic communication was recorded, intercepted and eavesdropped upon, Plaintiff is asserting claims that are typical of the Class.

26.    ADEQUACY: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation. All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

27.    SUPERIORITY: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class members is impracticable and inefficient. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

**FIRST CAUSE OF ACTION**

**Violations of the California Invasion of Privacy Act**

**Cal. Penal Code § 631**

28. Section 631(a) of California's Penal Code imposes liability upon any entity that "by means of any machine, instrument, contrivance, or in any other manner," (1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section". ***Here, Defendant does all three.***

29. Section 631 of the California Penal Code applies to internet communications and thus applies to Plaintiff's and the Class's electronic communications with Defendant's Website. "Though written in terms of wiretapping, Section 631(a) applies to Internet communications. It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.' *Javier v. Assurance IQ, LLC*, 2022 WL 1744107, at *1 (9th Cir. 2022).

30. The Third Party Spyware Company's software embedded on Defendant's Website to record and eavesdrop upon the Class's communications qualifies as a "machine, instrument, contrivance, or ... other manner" used to engage in the prohibited conduct alleged herein.

31. At all relevant times, Defendant intentionally caused the internet communication between Plaintiff and Class Members with Defendant's Website to be recorded. Defendant also aided, abetted at least one third party to eavesdrop upon such conversations during transmission and in real time.

32. Plaintiff and Class Members did not expressly or impliedly consent to any of Defendant's actions.

33. Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 631(a), entitling Plaintiff and Class Members to injunctive relief and statutory damages.

34. In a materially identical case, a court recently held that the above-described allegations state viable claims for violations of section 631(a) of CIPA. *See Byars v. The Goodyear Tire & Rubber Co.*, No. 5:22-cv-01358-SSS-KKx, 2023 WL 1788553, *4 (C.D. Cal. Feb. 3, 2023) (Sykes, J.) ("*Byars contends that Goodyear, using a third-party service, "intercepts in real time" a website visitors' chat conversation. Byars alleges that, using the chat conversation, website visitors share sensitive personal information. Because Byars has pled sufficient facts to show the contents of the communications and that the communications were intercepted, Byars has sufficiently stated a claim under § 631(a).*") (emphasis added).

35. In a materially identical case, a court recently held that the above-described allegations state viable claims for violations of section 632.7 of CIPA. *See Byars v. The Goodyear Tire & Rubber Co.*, No. 5:22-cv-01358, 2023 WL 1788553, *5 (C.D. Cal. Feb. 3, 2023) (Sykes, J.) ("*Byars' alleged communication with Goodyear occurred via Goodyear's chat feature on its website. Byars accessed Goodyear's website using her smartphone. As smartphones are cellular phones with web capabilities, Byars' smartphone falls within the cellular phone category. Because Byars' contends that users of Goodyear's website "share highly sensitive personal data" via Goodyear's chat feature, Byars has sufficiently alleged that website users had a reasonable expectation of privacy and therefore the communications fall within the scope of § 632.7.*") (emphasis added).

**<u>SECOND CAUSE OF ACTION</u>**

**Violations of the California Invasion of Privacy Act**

**Cal. Penal Code § 632.7**

36. Section 632.7 of California's Penal Code imposes liability upon anyone "who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two

cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone."

37. Plaintiff and the class members communicated with Defendant using telephony subject to the mandates and prohibitions of Section 632.7.

38. Defendant's communication from the chat feature on its website is transmitted via telephony subject to the mandates and prohibitions of Section 632.7.

39. As set forth above, Defendant recorded telephony communication without the consent of all parties to the communication in violation of Section 632.7.

40. As set forth above, Defendant also aided and abetted a third party in the interception, reception, and/or intentional recordation of telephony communication in violation of Section 632.7.

41. Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 632.7, entitling Plaintiff and Class members to injunctive relief and statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1. An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel;
2. An order declaring Defendant's conduct violates CIPA;
3. An order of judgment in favor of Plaintiff and the Class and against Defendant on the causes of action asserted herein;
4. An order enjoining Defendant's conduct as alleged herein and any other injunctive relief that the Court finds proper;
5. Statutory damages pursuant to CIPA;
6. Reasonable attorneys' fees and costs; and

All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

Dated: March 29, 2023

PACIFIC TRIAL ATTORNEYS, APC

By: ______________________

Scott. J. Ferrell
Attorneys for Plaintiff

Electronically FILED by Superior Court of California, County of Los Angeles on 03/29/2023 08:55 AM David W. Slayton, Executive Officer/Clerk of Court, by G. Carini, Deputy Clerk
23STCV06834

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Scott J. Ferrell (Bar #202091) / Victoria C. Knowles (Bar # 277231)
PACIFIC TRIAL ATTORNEYS, A Professional Corporation
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660
TELEPHONE NO.: (949) 706-6464 FAX NO.:
ATTORNEY FOR *(Name)*: Plaintiff and the Class

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 312 N. Spring Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: SPRING STREET COURTHOUSE

CASE NAME:
CODY, et al. v. ABT ELECTRONICS, INC., et al.

**CIVIL CASE COVER SHEET**

[X] **Unlimited** (Amount demanded exceeds $25,000)
[ ] **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] **Counter** [ ] **Joinder**
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 23STCV06834
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[X] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [X] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: TWO (2)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 29, 2023
Scott J. Ferrell
(TYPE OR PRINT NAME)
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| CODY, et al v. ABT ELECTRONICS, INC., et al. | 23STCV06834 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| CODY, et al v. ABT ELECTRONICS, INC., et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| CODY, et al v. ABT ELECTRONICS, INC., et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels ______ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| CODY, et al v. ABT ELECTRONICS, INC., et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Provisionally Complex Litigation (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☑ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE CODY, et al v. ABT ELECTRONICS, INC., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | | | ADDRESS: 1200 N. Milwaukee Ave. |
|---|---|---|---|
| CITY: Glenview | STATE: IL | ZIP CODE: 60024 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 03/29/2023

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | FILED<br>Superior Court of California<br>County of Los Angeles<br>03/29/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: G. Carini Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>23STCV06834 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Elihu M. Berle | 6 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on 03/29/2023 (Date)

David W. Slayton, Executive Officer / Clerk of Court

By G. Carini, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

Superior Court of California, County of Los Angeles

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

**What is ADR?**

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

**Advantages of ADR**

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

**Main Types of ADR**

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
- **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

Day of trial mediation programs have been paused until further notice.

**Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

Superior Court of California
County of Los Angeles

Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section

Consumer Attorneys
Association of Los Angeles

Southern California
Defense Counsel

Association of
Business Trial Lawyers

California Employment
Lawyers Association

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| --- | --- | --- |
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | | CASE NUMBER: |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at ***www.lacourt.org*** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _______________ (INSERT DATE) for the complaint, and _______________ (INSERT DATE) for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_______________ (TYPE OR PRINT NAME) ➤ _______________ (ATTORNEY FOR PLAINTIFF)

Date:

_______________ (TYPE OR PRINT NAME) ➤ _______________ (ATTORNEY FOR DEFENDANT)

Date:

_______________ (TYPE OR PRINT NAME) ➤ _______________ (ATTORNEY FOR DEFENDANT)

Date:

_______________ (TYPE OR PRINT NAME) ➤ _______________ (ATTORNEY FOR DEFENDANT)

Date:

_______________ (TYPE OR PRINT NAME) ➤ _______________ (ATTORNEY FOR _______________)

Date:

_______________ (TYPE OR PRINT NAME) ➤ _______________ (ATTORNEY FOR _______________)

Date:

_______________ (TYPE OR PRINT NAME) ➤ _______________ (ATTORNEY FOR _______________)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – DISCOVERY RESOLUTION** | | CASE NUMBER: |

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

     iii.    Be filed within two (2) court days of receipt of the Request; and

     iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR PLAINTIFF)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ________________)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ________________)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ________________)

Print Save Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **INFORMAL DISCOVERY CONFERENCE** (pursuant to the Discovery Resolution Stipulation of the parties) | | CASE NUMBER: |

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _______________ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _______________ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | | CASE NUMBER: |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR PLAINTIFF)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ____________)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ____________)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ____________)

**THE COURT SO ORDERS.**

Date: ____________________

JUDICIAL OFFICER

Print Save Clear

FILED
LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK
BY NANCY NAVARRO, DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| General Order Re Use of Voluntary Efficient Litigation Stipulations | ORDER PURSUANT TO CCP 1054(a), EXTENDING TIME TO RESPOND BY 30 DAYS WHEN PARTIES AGREE TO EARLY ORGANIZATIONAL MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: May 11, 2011

Carolyn B. Kuhl, Supervising Judge of the Civil Departments, Los Angeles Superior Court

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 6

**23STCV06834**
**ANNETTE CODY,  vs ABT ELECTRONICS, INC.**

April 3, 2023
2:19 PM

Judge: Honorable Elihu M. Berle
Judicial Assistant: M. Fregoso
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re Initial Status Conference

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 05/31/2023 at 11:00 AM in this department. At least ten (10) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Spring Street Courthouse, Department 6

**23STCV06834**
**ANNETTE CODY, vs ABT ELECTRONICS, INC.**

April 3, 2023
2:19 PM

Judge: Honorable Elihu M. Berle
Judicial Assistant: M. Fregoso
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

Counsel are directed to access the following link for further information on procedures in the

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

**Civil Division**

Central District, Spring Street Courthouse, Department 6

**23STCV06834**
**ANNETTE CODY, vs ABT ELECTRONICS, INC.**

April 3, 2023
2:19 PM

Judge: Honorable Elihu M. Berle
Judicial Assistant: M. Fregoso
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

PARTIES SHALL FILE A JOINT INITIAL STATUS CONFERENCE REPORT 7 DAYS PRIOR TO THE INITIAL STATUS CONFERENCE.

Certificate of Mailing is attached.

FILED
Superior Court of California
County of Los Angeles

APR 03 2023

David W. Slayton, Executive Officer/Clerk of Court
By: M. Fregoso, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

ANNETTE CODY, individually and on behalf of all others similarly situated,

Plaintiff(s),

vs.

ABT ELECTRONICS, INC., an Illinois corporation,

Defendant(s).

**Case No.: 23STCV06834**

**INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)**

Case Assigned for All purposes to Judge Elihu M. Berle

Department 6
Date: May 31, 2023
Time: 11:00 a.m.

---

This case has been assigned for all purposes to Judge Elihu M. Berle in the Complex Litigation Program. An Initial Status Conference is set for May 31, 2023, at 11:00 a.m. in Department 6 located in the Los Angeles Superior Courts at United States Courthouse at 312 N. Spring Street, Los Angeles, California 90012.

Counsel are urged to appear remotely via LA COURT CONNECT. The attorney portal can be found on the Court's website at lacourt.org.

Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on all parties, within five (5) days of service of this order. If any defendant has not yet

been served in this action, service is to be completed within twenty (20) days of the date of this order.

The Court orders counsel to meet and confer to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as possible, on a case management plan.

Counsel must file a Joint Initial Status Conference Statement seven (7) calendar days before the Initial Status Conference. The Joint Initial Status Conference Statement must be filed on line-numbered pleading paper and must specifically address each of the below numbered items. Do not use the Judicial Council Form CM-110 (Case Management Statement).

1. **PARTIES AND COUNSEL:** Please list all presently named plaintiffs and/or class representatives and presently named defendants, together with all counsel of record, including counsel's contact and email information.

2. **ELECTRONIC SERVICE OF PAPERS:** for administrative efficiency and conservation of resource for the parties and court, the complex program requires the parties in every new case to use a third-party cloud service, such as:
   - Case Anywhere (www.caseanywhere.com),
   - CaseHomePage (www.casehomepage.com), or
   - File&ServeXpress (www.lexisnexis.com/fileandserve).

   The parties are to select one of these vendors and submit the parties' choice when filing the Joint Initial Status Conference Statement. If the parties cannot agree, the court will select the vendor at the Initial Status Conference. Electronic service is not the same as electronic filing.

3. **CLAIMS AND DEFENSES:** Set forth a brief description of the core factual and legal issues, derived from Plaintiff's claims and defendant's defenses.

4. **POTENTIAL ADDITIONAL PARTIES:** Does any plaintiff presently

intend to add more plaintiffs and/or class representatives?  If so, and if known, by what date and by what name will these parties be identified? Does any plaintiff presently intend to name more defendants?  If so, and if known, by what date and by what name will these defendants be identified?   Does any appearing defendant presently intend to file a cross-complaint?  If so, who will be named as a cross-defendant and what are the specific cross claims to be asserted?

**5.  IMPROPERLY NAMED DEFENDANT(S):**  Does any party contend that the complaint names the wrong person or entity, please explain.

**6. (For class actions) ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**  Does any party contend one or more named plaintiffs might not be an adequate class representative. If so, please explain.

**7. (For class actions) FOR CLASS ACTIONS ESTIMATED SIZE:**  What is the estimated size of the putative class?

**8. (For class actions) OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**  Are there other cases with overlapping class definitions? If so, please identify the court, the short caption title, the docket number, and the case status.

**9. ARBITRATION AGREEMENTS AND/OR CLASS ACTION WAIVER CLAUSES:**  Does any party contend there is an arbitration agreement and/or class action waiver. If so, please discuss.

**10. POTENTIAL EARLY CRUCIAL MOTIONS:**  Are there any issues that can be identified and resolved early. If so, please identify and set forth proposed procedures for resolution.

**PLEASE NOTE:  By stipulation a party may move for summary adjudication of a legal issues or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty. (C.C.P. § 437c(t)).**

**11.   PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should consider the model protective

orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**12. DISCOVERY:** Counsel are to discuss a plan of discovery. In class actions, prior to class certification, the court generally allows discovery on matters relevant to class certification, which depending on circumstances, sometimes may include some factual issues also touching the merits.

**13. INSURANCE COVERAGE:** Please state (1) if there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**14. ALTERNATIVE DISPUTE RESOLUTION:** Counsel are requested to discuss ADR and proposed neutrals to conduct such proceedings.

**15. TIMELINE FOR CASE MANAGEMENT:** Counsel to propose future dates for:

- The next status conference,
- A schedule for alternative dispute resolution,
- A filing deadline for the motion for class certification, and
- Filing deadlines and descriptions for other anticipated non-discovery motions.

**PENDING FURTHER ORDERS OF THIS COURT,** and except as otherwise provided in this Initial Status Conference Order, ***these proceedings are stayed, except for service of summons and complaint and filing of Notice of Appearance.*** This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court. Each defendant should file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, any affirmative defense, and the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case. Although the stay applied to discovery, this stay shall not preclude the parties from informally exchanging documents that may assist in

their initial evaluation of the issues presented in this case.

Dated: APR 0 3 2023

HON. ELIHU M. BERLE
JUDGE OF THE SUPERIOR COURT

-5-

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)

| ATTORNEY OR PARTY WITHOUT ATTORNEY (name and Address)<br>SCOTT J. FERRELL, (SBN: 202091)<br>PACIFIC TRIAL ATTORNEYS<br>A PROFESSIONAL CORPORATION<br>4100 NEWPORT PLACE DRIVE, SUITE 800<br>NEWPORT BEACH, CA 92660<br><br>TELEPHONE NO.: (949) 706-6464 FAX NO. *(Optional)*: (949) 706-6469<br>E–MAIL ADDRESS *(Optional)* : sferrell@pacifictrialattorneys.com<br>ATTORNEY FOR *(Name)*: PLAINTIFF | *FOR COURT USE ONLY*<br><br>**Electronically FILED by Superior Court of California, County of Los Angeles 4/17/2023 12:00 AM David W. Slayton, Executive Officer/Clerk of Court, By R. Lozano, Deputy Clerk** |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>STREET ADDRESS: 312 N. SPRING STREET<br>MAILING ADDRESS: 312 N. SPRING STREET<br>CITY AND ZIP CODE: LOS ANGELES, CA 90012<br>BRANCH NAME: SPRING STREET COURTHOUSE | |
| PLAINTIFF/PETITIONER: ANNETTE CODY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED<br><br>DEFENDANT/RESPONDENT: ABT ELECTRONICS, INC., AN ILLINOIS CORPORATION | CASE NUMBER: **23STCV06834** |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: 1171660PDL |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of :
   a. ☒ Summons
   b. ☒ Complaint
   c ☒ Alternative Dispute Resolution (ADR) package
   d ☒ Civil Case Cover Sheet *(served in complex cases only)*
   e ☐ cross-complaint
   f. ☒ other *(specify documents)*: CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT UNLIMITED CIVIL CASE; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS PACKAGE ;ORDER PURSUANT TO CCP 1054(a), EXTENDING TIME TO RESPOND BY 30 DAYS WHEN PARTIES AGREE TO EARLY ORGANIZATIONAL MEETING STIPULATION
3. a. Party served: *(specify name of party as shown on documents served)*:
   ABT ELECTRONICS, INC., AN ILLINOIS CORPORATION
   b. Person served (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made)*(specify name and relationship to the party named in item 3a)*:
   Brigitte Landis , Chief Financial Officer
4. Address where the party was served: 1200 MILWAUKEE AVE.
   GLENVIEW, IL 60025

5. I served the party *(check proper box)*
   a. ☒ **by personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 4/5/2023 (2) at: *(time)* 9:50 AM

   b. ☐ **by substituted service**. On *(date)*: at: *(time)* . I left the documents listed in item 2 with or in the presence of (name and title or relationship to the person indicated in item 3):
   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date): (city): **or** ☐ a declaration of mailing is attached.
   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLANTIFF/PETITIONER: ANNETTE CODY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED<br><br>DEFENDANT/RESPONDENT: ABT ELECTRONICS, INC., AN ILLINOIS CORPORATION | CASE NUMBER:<br><br>**23STCV06834** |
|---|---|

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) (date): (1) (city):
(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* (form 982(a)(4)) and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt *(form 982(a)(4).)* (Code Civ. Proc., § 415.30.)
(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** (specify means of service and authorizing code section):
☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
a. ☐ as an individual defendant
b. ☐ as the person sued under the fictitious name of (specify):
c. ☒ on behalf of (specify): ABT ELECTRONICS, INC., AN ILLINOIS CORPORATION

under the following Code of Civil Procedure section:

☒ 416.10 (corporation)
☐ 416.20 (defunct corporation)
☐ 416.30 (joint stock company/association)
☐ 416.40 (association or partnership)
☐ 416.50 (public entity)
☐ 415.95 (business organization, form unknown)
☐ 416.60 (minor)
☐ 416.70 (ward or conservatee)
☐ 416.90 (authorized person)
☐ 415.46 (occupant)
☐ other:

7. **Person who served papers**
a. Name: Richard Gerber
b. Address: **800 W. 1ST STREET, SUITE 200-B LOS ANGELES, CALIFORNIA 90012**
c. Telephone number: **(213) 607-9000**
d. The fee for service was: $ 209.00
e. I am:

USA Legal Network

(1) ☒ not a registered California process server.
(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
(3) ☐ registered California process server:
(i) ☐ owner ☐ Employee ☐ independent contractor.
(ii) ☐ Registration No.:
(iii) ☒ County: STATE OF Delaware

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Or
9. ☐ I am a California sherif or marshal and I certify that the foregoing is true and correct.

Date: 04-11-23

Richard Gerber
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHALL)

(SIGNATURE)

LAW OFFICES OF RICHARD W. DAVIS
RICHARD W. DAVIS (SBN 161858)
rdavis@richardwdavis.com
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Telephone: 310.551.4123
Facsimile: 323.843.9291

Attorneys for Defendant Abt Electronics, Inc.

**Electronically FILED by Superior Court of California, County of Los Angeles 5/05/2023 12:43 PM David W. Slayton, Executive Officer/Clerk of Court, By K. Valenzuela, Deputy Clerk**

LAW OFFICES OF RICHARD W. DAVIS
1901 AVENUE OF THE STARS, SUITE 200
LOS ANGELES, CALIFORNIA 90067
Tel 310.551.4123 • Fax 323.843.9291

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES, SPRING STREET COURTHOUSE**

ANNETTE CODY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ABT ELECTRONICS, INC., an Illinois corporation,

Defendant.

Case No. 23STCV06834

**NOTICE OF APPEARANCE ON BEHALF OF DEFENDANT ABT ELECTRONICS, INC.**

Assigned for All Purposes to:
Hon. Elihu Berle, Dept. 006

Action Filed: March 29, 2023
Trial Date: Unassigned

Pursuant to the Court Order Re Initial Status Conference issued by the Court on April 3, 2023 (the "Order"), the undersigned files a Notice of Appearance on behalf of Defendant Abt Electronics, Inc. ("Abt"):

Richard W. Davis
Law Offices of Richard W. Davis
1901 Avenue of the Stars, Suite 200
Los Angeles, CA 90067
Tel: 310.551.4123
Email: rdavis@richardwdavis.com

Abt intends to demur to the Complaint. However, pursuant to the Order, responsive pleadings are not to be filed until further order of the Court. As indicated in the Order, this Notice

LAW OFFICES OF RICHARD W. DAVIS
1901 AVENUE OF THE STARS, SUITE 200
LOS ANGELES, CALIFORNIA 90067
Tel 310.551.4123 • Fax 323.843.9291

of Appearance does not constitute a waiver of any substantive or procedural challenge to the Complaint, all of which are expressly reserved.

DATED: May 5, 2023

LAW OFFICES OF RICHARD W. DAVIS

By: Richard Davis

RICHARD W. DAVIS
Attorneys for Defendant Abt Electronics, Inc.

LAW OFFICES OF RICHARD W. DAVIS
1901 AVENUE OF THE STARS, SUITE 200
LOS ANGELES, CALIFORNIA 90067
Tel 310.551.4123 • Fax 323.843.9291

# PROOF OF SERVICE

**Annette Cody v. Abt Electronics, Inc.**
**Case No. 23STCV06834**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1901 Avenue of the Stars, Suite 200, Los Angeles, CA 90067.

On May 5, 2023, I served true copies of the following document(s) described as **NOTICE OF APPEARANCE ON BEHALF OF DEFENDANT ABT ELECTRONICS, INC.** on the interested parties in this action as follows:

Scott J. Ferrell, Esq.
PACIFIC TRIAL ATTORNEYS
4100 Newport Place Drive, Suite 800
Newport Beach, CA 92660

Tel: 949.706.6464
Fax: 949.706.6469
Email: sferrell@pacifictrialattorneys.com

Counsel for Plaintiff Annette Cody

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Law Offices of Richard W. Davis for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Westlake Village, California.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address rdavis@richardwdavis.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 5, 2023, at Westlake Village, California.

/s/ Richard W. Davis
Richard W. Davis

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff and the Class

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| ANNETTE CODY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ABT ELECTRONICS, INC., an Illinois corporation,<br><br>Defendants. | Case No. 23STCV06834<br>ASSIGNED FOR ALL PURPOSES TO THE HONORABLE ELIHU BERLE, DEPT. 6<br><br>**NOTICE RE ORDER RE NEWLY FILED CLASS ACTION AND INITIAL STATUS CONFERENCE ORDER**<br><br>Complaint Filed: March 29, 2023<br>Trial Date: Not Assigned |

PLEASE TAKE NOTICE that this matter has been designated as Complex. Please see the Minute Order attached as Exhibit "A."

PLEASE TAKE FURTHER NOTICE of the Initial Status Conference Order attached as Exhibit "B."

Dated: May 16, 2023

PACIFIC TRIAL ATTORNEYS, APC

By: ______________________

Scott J. Ferrell
Attorneys for Plaintiff and the Class

- 2 -

NOTICE RE ORDER RE NEWLY FILED CLASS ACTION AND INITIAL STATUS CONFERENCE ORDER

# EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Spring Street Courthouse, Department 6

**23STCV06834**
**ANNETTE CODY, vs ABT ELECTRONICS, INC.**

April 3, 2023
2:19 PM

Judge: Honorable Elihu M. Berle
Judicial Assistant: M. Fregoso
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re Initial Status Conference

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 05/31/2023 at 11:00 AM in this department. At least ten (10) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Spring Street Courthouse, Department 6

**23STCV06834**
**ANNETTE CODY, vs ABT ELECTRONICS, INC.**

April 3, 2023
2:19 PM

Judge: Honorable Elihu M. Berle
Judicial Assistant: M. Fregoso
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

Counsel are directed to access the following link for further information on procedures in the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Spring Street Courthouse, Department 6

**23STCV06834**
**ANNETTE CODY, vs ABT ELECTRONICS, INC.**

April 3, 2023
2:19 PM

Judge: Honorable Elihu M. Berle
Judicial Assistant: M. Fregoso
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

---

Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

PARTIES SHALL FILE A JOINT INITIAL STATUS CONFERENCE REPORT 7 DAYS PRIOR TO THE INITIAL STATUS CONFERENCE.

Certificate of Mailing is attached.

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp<br>FILED<br>Superior Court of California<br>County of Los Angeles<br>04/03/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: M. Fregoso Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | |
| PLAINTIFF/PETITIONER:<br>Annette Cody, | |
| DEFENDANT/RESPONDENT:<br>ABT Electronics, Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23STCV06834 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re Initial Status Conference) of 04/03/2023 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Scott J. Ferrell
Pacific Trial Attorneys, APC
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660

David W. Slayton, Executive Officer / Clerk of Court

Dated: 04/3/2023

By: M. Fregoso
Deputy Clerk

# EXHIBIT B

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 03 2023

David W. Slayton, Executive Officer/Clerk of Court

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF LOS ANGELES**

ANNETTE CODY, individually and on behalf of all others similarly situated,

Plaintiff(s),

vs.

ABT ELECTRONICS, INC., an Illinois corporation,

Defendant(s).

**Case No.: 23STCV06834**

**INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)**

Case Assigned for All purposes to Judge Elihu M. Berle

Department 6
Date: May 31, 2023
Time: 11:00 a.m.

This case has been assigned for all purposes to Judge Elihu M. Berle in the Complex Litigation Program. An Initial Status Conference is set for May 31, 2023, at 11:00 a.m. in Department 6 located in the Los Angeles Superior Courts at United States Courthouse at 312 N. Spring Street, Los Angeles, California 90012.

Counsel are urged to appear remotely via LA COURT CONNECT. The attorney portal can be found on the Court's website at lacourt.org.

Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on all parties, within five (5) days of service of this order. If any defendant has not yet

been served in this action, service is to be completed within twenty (20) days of the date of this order.

The Court orders counsel to meet and confer to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as possible, on a case management plan.

Counsel must file a Joint Initial Status Conference Statement seven (7) calendar days before the Initial Status Conference. The Joint Initial Status Conference Statement must be filed on line-numbered pleading paper and must specifically address each of the below numbered items. Do not use the Judicial Council Form CM-110 (Case Management Statement).

1. **PARTIES AND COUNSEL:** Please list all presently named plaintiffs and/or class representatives and presently named defendants, together with all counsel of record, including counsel's contact and email information.

2. **ELECTRONIC SERVICE OF PAPERS:** for administrative efficiency and conservation of resource for the parties and court, the complex program requires the parties in every new case to use a third-party cloud service, such as:

   - Case Anywhere (www.caseanywhere.com),
   - CaseHomePage (www.casehomepage.com), or
   - File&ServeXpress (www.lexisnexis.com/fileandserve).

   The parties are to select one of these vendors and submit the parties' choice when filing the Joint Initial Status Conference Statement. If the parties cannot agree, the court will select the vendor at the Initial Status Conference. Electronic service is not the same as electronic filing.

3. **CLAIMS AND DEFENSES:** Set forth a brief description of the core factual and legal issues, derived from Plaintiff's claims and defendant's defenses.

4. **POTENTIAL ADDITIONAL PARTIES:** Does any plaintiff presently

intend to add more plaintiffs and/or class representatives? If so, and if known, by what date and by what name will these parties be identified? Does any plaintiff presently intend to name more defendants? If so, and if known, by what date and by what name will these defendants be identified? Does any appearing defendant presently intend to file a cross-complaint? If so, who will be named as a cross-defendant and what are the specific cross claims to be asserted?

**5. IMPROPERLY NAMED DEFENDANT(S):** Does any party contend that the complaint names the wrong person or entity, please explain.

**6. (For class actions) ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** Does any party contend one or more named plaintiffs might not be an adequate class representative. If so, please explain.

**7. (For class actions) FOR CLASS ACTIONS ESTIMATED SIZE:** What is the estimated size of the putative class?

**8. (For class actions) OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Are there other cases with overlapping class definitions? If so, please identify the court, the short caption title, the docket number, and the case status.

**9. ARBITRATION AGREEMENTS AND/OR CLASS ACTION WAIVER CLAUSES:** Does any party contend there is an arbitration agreement and/or class action waiver. If so, please discuss.

**10. POTENTIAL EARLY CRUCIAL MOTIONS:** Are there any issues that can be identified and resolved early. If so, please identify and set forth proposed procedures for resolution.

**PLEASE NOTE: By stipulation a party may move for summary adjudication of a legal issues or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty. (C.C.P. § 437c(t)).**

**11. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should consider the model protective

orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**12. DISCOVERY:** Counsel are to discuss a plan of discovery. In class actions, prior to class certification, the court generally allows discovery on matters relevant to class certification, which depending on circumstances, sometimes may include some factual issues also touching the merits.

**13. INSURANCE COVERAGE:** Please state (1) if there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**14. ALTERNATIVE DISPUTE RESOLUTION:** Counsel are requested to discuss ADR and proposed neutrals to conduct such proceedings.

**15. TIMELINE FOR CASE MANAGEMENT:** Counsel to propose future dates for:

- The next status conference,
- A schedule for alternative dispute resolution,
- A filing deadline for the motion for class certification, and
- Filing deadlines and descriptions for other anticipated non-discovery motions.

**PENDING FURTHER ORDERS OF THIS COURT,** and except as otherwise provided in this Initial Status Conference Order, ***these proceedings are stayed, except for service of summons and complaint and filing of Notice of Appearance.*** This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court. Each defendant should file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, any affirmative defense, and the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case. Although the stay applied to discovery, this stay shall not preclude the parties from informally exchanging documents that may assist in

their initial evaluation of the issues presented in this case.

ELIHU M. BERLE

Dated: APR 03 2023

HON. ELIHU M. BERLE
JUDGE OF THE SUPERIOR COURT

-5-

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 4100 Newport Place, Suite 800, Newport Beach, CA 92660.

On May 16, 2023, I served the foregoing document described as **NOTICE RE ORDER RE NEWLY FILED CLASS ACTION AND INITIAL STATUS CONFERENCE ORDER** on the following person(s) in the manner indicated:

**SEE ATTACHED SERVICE LIST**

☐ (BY MAIL) I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Pacific Trial Attorneys, Newport Beach, California, following ordinary business practices.

☐ (BY OVERNIGHT FEDERAL EXPRESS) I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by Federal Express that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by Federal Express with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by Federal Express at Pacific Trial Attorneys, Newport Beach, California, following ordinary business practices.

☐ (BY HAND DELIVERY) I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for hand delivery by courier. I caused such document to be delivered by hand to the addresse(s) designated.

☐ (BY ELECTRONIC SERVICE) I am causing the document(s) to be served by email from the electronic notification address of mgreenfield@pacifictrialattorneys.com the document described above on the date shown below to the email addresses of the persons listed in the attached service list.

☒ (BY ELECTRONIC SERVICE via USA Legal) I am electronically serving the document described above and a copy of this declaration to the person, on the date shown below, to the email addresses of the persons listed in the attached service list. I am readily familiar with the business' practice for filing electronically, and that the document would be electronically served the same day in the ordinary course of business following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on May 16, 2023, at Newport Beach, California.

Melojean Greenfield

**SERVICE LIST**

Richard W. Davis
LAW OFFICES OF RICHARD W. DAVIS
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Telephone: 310-551-4123
Facsimile: 323-843-9291
Email: rdavis@richardwdavis.com

Attorneys for Defendant
ABT ELECTRONICS, INC.

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| ANNETTE CODY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ABT ELECTRONICS, INC., an Illinois corporation,<br><br>Defendant. | Case No. 23STCV06834<br>Assigned to Hon. Elihu M. Berle / Dept. 6<br><br>**JOINT INITIAL STATUS CONFERENCE STATEMENT**<br><br>Date: May 31, 2023<br>Time: 11:00 a.m.<br>Dept: 6<br><br>Action filed: April 3, 2023<br>Trial date: None set |

Pursuant to the Initial Status Conference Order issued April 3, 2023, Plaintiff Annette Cody ("Plaintiff") and Defendant Abt Electronics, Inc. ("Defendant") (collectively with Plaintiff, "the Parties") submit this Joint Initial Status Conference Statement.

**1. PARTIES AND COUNSEL:**

Attorneys for Plaintiff:

Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Defendant, Abt Electronics, Inc.:

Richard W. Davis, Bar No. 161858
LAW OFFICES OF RICHARD W. DAVIS
rdavis@richardwdavis.com
1901 Avenue of the Stars, Suite 200
Los Angeles, CA 90067
Tel: (310) 551-4123
Fax: (323) 843-9291

**2. ELECTRONIC SERVICE OF PAPERS:**

The Parties agree to use the Case Anywhere service (www.caseanywhere.com).

**3. CLAIMS AND DEFENSES:**

Plaintiff's Claims: Plaintiff contends, in substance, that Defendant secretly enables and allows a third-party spyware company to eavesdrop on the private conversations of everyone who communicates through the chat feature at www.abt.com (the "Website"). The spyware company then exploits and monetizes that data by sharing it with other third parties, who use the private chat data to bombard the unsuspecting visitor with targeted marketing. Defendant does this without visitors' informed consent. As a result, Defendant has violated the California Invasion of Privacy Act ("CIPA"). Plaintiff's Complaint set forth causes of action for violation of California Penal Code Sections 631 (First Cause of Action) and 632.7 (Second Cause of Action).

Defendant's Defenses: Defendant intends to demur to the Complaint based upon the arguments presented to and incorporated into the Order of dismissal issued by the United States District Court for the Central District of California in *Byars v. Hot Topic, Inc.*, 2023 WL 2026994 (C.D.Cal Feb. 14, 2023). In that case, the District Court dismissed almost identical claims raised in a complaint filed by the same firm representing Plaintiff here.

In *Byars*, the United States District Court found that a website owner, such as Defendant here, was the intended recipient of the plaintiff's chat communications, and thus could not be liable under Penal Code Section 631(a) because a website owner cannot eavesdrop on its own conversations. As was true in *Byars*, the unnamed third party software provider (here, Captivated LLC) was not hired by Defendant to eavesdrop on communications and did not intercept or use the data itself, but instead was hired merely to record Defendant's own conversations with Defendant's website users. Defendant contends that the third party vendor is engaged in routine data recording for Defendant, the function of which is to store transcripts of the chat communications for Defendant's own use. There simply is no evidentiary support for the conclusory allegation that the third party vendor's "chat software is 'integrated' with Meta, Inc.'s subsidiaries like Facebook and WhatsApp."

The United States District Court in *Byars* also determined that chat communications such as those at issue here cannot meet the definition of a telephone call contemplated by Penal Code Section 632.7. For the reasons supporting the *Byars* decision, Plaintiff's claims here fail.

Additionally, users of Defendant's website are advised that the information they share will be recorded, so Plaintiff had no reasonable expectation of privacy with regard to her chat communications with Defendant.

**4. POTENTIAL ADDITIONAL PARTIES:**

Plaintiff does not currently anticipate the addition of any other parties or class representatives.

Defendant questions why Plaintiff chose not to name the third party software vendor whose alleged conduct is at issue. Defendant is considering whether it may be appropriate to file a cross-complaint against that third party.

**5.      IMPROPERLY NAMED DEFENDANTS:**

There are no improperly named defendants.


**6.      ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**

Plaintiff asserts that she would be an adequate class representative.

Defendant asserts that the proposed class, as phrased in the Complaint, is not sufficiently specific to determine purported class members. Defendant also questions whether Plaintiff would be an appropriate class representative, and intends to conduct discovery concerning this issue.


**7.      FOR CLASS ACTIONS:  ESTIMATED SIZE:**

Plaintiff does not know the number of Class members but believes the number to be in the thousands, if not more. The exact identities of Class members may be ascertained by the records maintained by Defendant.  The Parties propose to take discovery as to class issues, as set forth below.

Defendant contends, as was the case in *Byars*, *supra*, that Plaintiff's conclusion that the purported class members would be "in the thousands" lacks any evidentiary support.


**8.      OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**

The Parties are not aware of other action currently pending with overlapping class definitions.


**9.      ARBITRATION   AGREEMENTS   AND/OR   CLASS   ACTION   WAIVER CLAUSES:**

The Parties presently are unaware of any arbitration agreements or class action waiver clauses applicable to this action.


**10.      POTENTIAL EARLY CRUCIAL MOTIONS:**

Defendant intends to file a demurrer to Plaintiff's Complaint.  Plaintiff intends to file a Motion for Class Certification at the earliest reasonable date.

**11.    PROTECTIVE ORDERS:**

The Parties will collaborate on any necessary protective order(s) to protect their sensitive information and materials.  They will utilize the Court's model protective orders as appropriate.

**12.    DISCOVERY:**

Following the proceedings regarding Defendant's anticipated demurrer, the Parties intend, if still necessary following the ruling on Defendant's demurrer, first, to undertake discovery related to Plaintiff's anticipated motion for class certification, including such fact and merit-related discovery as may be appropriate.  Plaintiff will then file the motion for class certification.  Following those proceedings, the Parties will proceed with written, deposition, and expert discovery as expeditiously as possible.

**13.    INSURANCE COVERAGE:**

Defendant is investigating whether there is insurance available to Defendant pursuant to an indemnification agreement with Defendant's third party vendor. Although coverage initially was denied, Defendant presently intends to pursue this issue further.

**14.    ALTERNATIVE DISPUTE RESOLUTION:**

Plaintiff does not believe that alternative dispute resolution is needed at this time but will alert the Court if that position changes.

Defendant believes the value of this case, if any, is *de minimis*, so Defendant believes an early settlement conference would be useful and likely would resolve the issues, to the extent any claims remain following demurrer.

**15.    TIMELINE FOR CASE MANAGEMENT:**

Next Status Conference:  January 8, 2024

Schedule for ADR:  Mediation in January 2024.

Filing Deadline for Motion for Class Certification:  October 31, 2023.

Filing Deadlines for Other Motions:

- Demurrer: As soon as practicable once the Court allows leave.
- Motions for Summary Judgment/Adjudication: February 15. 2024

Dated: May 25, 2023

PACIFIC TRIAL ATTORNEYS, APC

By: ______________________________
Scott. J. Ferrell
Attorneys for Plaintiff and the Class

Dated: May 25, 2023

LAW OFFICES OF RICHARD W. DAVIS

By: ______________________________
Richard W. Davis
Attorneys for Defendant Abt Electronics, Inc.

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660.

On May 25, 2023, I served the foregoing document described as **JOINT INITIAL STATUS CONFERENCE STATEMENT** on the following person(s) in the manner indicated:

**SEE ATTACHED SERVICE LIST**

☐ (BY MAIL) I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Pacific Trial Attorneys, Newport Beach, California, following ordinary business practices.

☐ (BY OVERNIGHT FEDERAL EXPRESS) I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by Federal Express that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by Federal Express with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by Federal Express at Pacific Trial Attorneys, Newport Beach, California, following ordinary business practices.

☐ (BY HAND DELIVERY) I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for hand delivery by courier. I caused such document to be delivered by hand to the addresse(s) designated.

☐ (BY ELECTRONIC SERVICE) My electronic service address is ________________@pacifictrialattorneys.com. I am electronically serving the document described above and a copy of this declaration to the person, on the date shown below, to the email addresses of the persons listed in the attached service list.

☒ (BY ELECTRONIC SERVICE via USA Legal) I am electronically serving the document described above and a copy of this declaration to the person, on the date shown below, to the email addresses of the persons listed in the attached service list. I am readily familiar with the business' practice for filing electronically, and that the document would be electronically served the same day in the ordinary course of business following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on May 25, 2023, at Newport Beach, California.

______________________
Chantel Kirshner

**SERVICE LIST**

| | |
|---|---|
| LAW OFFICES OF RICHARD W. DAVIS<br>Richard W. Davis, Esq.<br>1901 Avenue of the Stars, Ste. 200<br>Los Angeles, CA 90067<br>Tel: 310-551-4123<br>Fax: 323-843-9291<br>Email: rdavis@richardwdavis.com | Attorneys for Defendant,<br>ABT ELECTRONICS, INC. |

- 7 -

JOINT INITIAL STATUS CONFERENCE STATEMENT

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Spring Street Courthouse, Department 6

**23STCV06834**
**ANNETTE CODY, vs ABT ELECTRONICS, INC.**

May 31, 2023
11:00 AM

Judge: Honorable Elihu M. Berle
Judicial Assistant: A. Rosas
Courtroom Assistant: M. Molinar

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Victoria Campbell Knowles via LACC

For Defendant(s): Richard Wayne Davis via LACC

**NATURE OF PROCEEDINGS:** Initial Status Conference

The matter is called for hearing.

The Court has read and considered the Joint Status Report filed on May 25, 2023.

The parties have agreed to use Casey Anywhere for electronic service and establishment of website. Parties are to submit a proposed order for the appointment of Case Anywhere as the electronic service provider by June 5, 2023.

The Court and counsel confer regarding the status and nature of the case.

Defendant intends to file a Demurrer. Deadline to file the Demurrer is June 21, 2023.

Deadline for the plaintiff to file the opposition to the Demurrer is July 5, 2023.

Deadline for Defendant to file a reply to the opposition is July 14, 2023.

Status Conference is scheduled for 08/01/2023 at 08:30 AM in Department 6 at Spring Street Courthouse.

Plaintiff is directed to give notice and post a copy of same on the parties' electronic service website.

LAW OFFICES OF RICHARD W. DAVIS
RICHARD W. DAVIS (SBN 161858)
rdavis@richardwdavis.com
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Telephone: 310.551.4123
Facsimile: 323.843.9291

Attorneys for Defendant Abt Electronics, Inc.

FILED
Superior Court of California
County of Los Angeles
06/08/2023
David W. Slayton, Executive Officer / Clerk of Court
By: A. Rosas Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES, SPRING STREET COURTHOUSE**

ANNETTE CODY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ABT ELECTRONICS, INC., an Illinois corporation,

Defendant.

Case No. 23STCV06834

**~~[PROPOSED]~~ ORDER AUTHORIZING ELECTRONIC SERVICE THROUGH CASE ANYWHERE**

Assigned for All Purposes to:
Hon. Elihu Berle, Dept. 006

Action Filed: March 29, 2023
Trial Date: Unassigned

The Court has deemed this matter to be complex litigation within the meaning of the California Standards of Judicial Administration for Complex Litigation Section 3.10 and California Rules of Court, rule 3.400, *et seq*. As such, this is a case that requires specialized management to avoid placing unnecessary burdens on the Court or the litigants, and to keep costs reasonable.

Pursuant to Code of Civil Procedure Sections 1010.6 and 187, and California Rules of Court, Rules 2.250, *et. seq.*, and 3.751, and the stipulation of the parties, the Court makes this Order to reduce the costs of litigation and to facilitate case management, document retrieval, and case organization. The Court finds that entry of this Order is necessary for the just, expeditious, and efficient litigation of this Action and that compliance with the terms herein will not result in unnecessary hardship or significant prejudice to any of the parties in this matter.

LAW OFFICES OF RICHARD W. DAVIS
1901 AVENUE OF THE STARS, SUITE 200
LOS ANGELES, CALIFORNIA 90067
Tel 310.551.4123 • Fax 323.843.9291

Electronically Received 06/05/2023 02:19 PM

LAW OFFICES OF RICHARD W. DAVIS
1901 AVENUE OF THE STARS, SUITE 200
LOS ANGELES, CALIFORNIA 90067
Tel 310.551.4123 • Fax 323.843.9291

## I. CASE ANYWHERE LLC ("CASE ANYWHERE")

1. In order to facilitate case management, document retrieval and case organization, the parties will utilize the services of CASE ANYWHERE and its litigation system (the "System") for sending and receiving electronic case notifications and storing and delivering court-filed and discovery-related documents through a secure website. The website will also include the following functionality: Message Board, Calendar, and Transcript Library. Each firm of record, whether or not it uses the System, is required to sign up with CASE ANYWHERE and will be individually responsible for payment of applicable CASE ANYWHERE fees. The Court, at its option, may also use CASE ANYWHERE and its System for these purposes and to communicate with registered users.

## II. SERVICE ONLY

2. The Order shall apply only to the service of documents, and not to their filing. Documents must be filed pursuant to applicable Court rules.

## III. SERVICE LIST & SIGN-UP

3. Within five (5) days of this Order, counsel shall submit to CASE ANYWHERE a complete and current service list which will contain email addresses. Within five (5) days of this Order, all law firms of record shall provide the following information to CASE ANYWHERE: (i) firm address; (ii) firm telephone number; (iii) identity of attorneys of record with email addresses; (iv) list of other firm attorneys to be provided access (if any) with email addresses; (v) list of firm professional staff to be provided access (if any) with email addresses; (vi) list of parties represented; and (vii) the name and email address of the individual designated to receive billing invoices. This information shall be provided to CASE ANYWHERE through the Case Initiation Form located on the CASE ANYWHERE website or by email at its support address (support@caseanywhere.com), citing the case title in the subject line. Each party is responsible for providing up-to-date contact information for Case Anywhere's service list. Each user is responsible for ensuring that their email account settings will allow receipt of emails from service@caseanywhere.com.

///

**IV. SERVICE OF DOCUMENTS AND WEBSITE**

4. When any party wishes to serve a document, that party shall serve the document according to all the requirements and procedures of this Order. All references to "document" in this Order shall be interpreted to include any exhibits or attachments to the document and shall include both pleadings and discovery-related documents (such as interrogatories, requests for production, deposition notices, etc.); provided, however, that each party shall determine individually whether to utilize the System to serve document productions and correspondence.

5. CASE ANYWHERE shall establish and maintain an Internet website (the "Website") for this litigation. CASE ANYWHERE will post all documents served by the parties to the Website as provided in this Order and shall serve each document on the parties included on the service list provided to CASE ANYWHERE in accordance with the procedures herein. The System can be accessed at www.caseanywhere.com.

6. Each party shall serve each document via electronic transfer of the document file to CASE ANYWHERE through the Internet. Each party shall title each document the same as the title of the document on the caption page. Each document electronically served pursuant to this Order shall be deemed to have been served under the California Rules of Civil Procedure.

7. Upon receipt of a document in native format, CASE ANYWHERE shall convert such document (if such document is created in a standard word processing program) into PDF unless the uploading party elects to maintain the document in its original format.

8. CASE ANYWHERE shall send an email either to all registered case users or to those users selected by the uploading party (if access to the record is restricted) notifying them that the document has been posted to the Website. The email shall contain a hypertext link to the document.

9. Electronic service shall be complete at the time CASE ANYWHERE sends electronic notification of service, provided any period of notice or any right or duty to do any act or make any response within any period or on a date certain after the service of the document, which time period or date is prescribed by statute or rule of court, shall be extended after service by electronic transmission by two court days, but the extension shall not extend the time for filing

LAW OFFICES OF RICHARD W. DAVIS
1901 AVENUE OF THE STARS, SUITE 200
LOS ANGELES, CALIFORNIA 90067
Tel 310.551.4123 • Fax 323.843.9291

LAW OFFICES OF RICHARD W. DAVIS
1901 AVENUE OF THE STARS, SUITE 200
LOS ANGELES, CALIFORNIA 90067
Tel 310.551.4123 • Fax 323.843.9291

notice of intention to move for new trial, notice of intention to move to vacate judgment pursuant to Section 663a, or notice of appeal. Provided, however, if a party elects to receive service on a delayed basis (such as a daily notification), service will be deemed complete as to that party when the document is available on the Website.

10. In the event a document that is to be filed with the Court is rejected by the Court for filing after it has been posted on the Website by CASE ANYWHERE, the rejection was caused by an aspect of the caption of the document, and the party seeking to file the document successfully files it with the Court within two (2) business days of its rejection with revisions to the caption only, then the party filing the document shall promptly serve a notice of successful filing, including the date of the filing and the revised page(s) of the caption, through the System. In all other circumstances in which a document to be filed with the Court is rejected for filing after CASE ANYWHERE has posted it on the Website, the party that caused the document to be posted shall promptly notify CASE ANYWHERE in writing that the document was rejected by the Court for filing. CASE ANYWHERE shall cause a permanent notation to be placed on the Website in conjunction with that document memorializing the fact of rejection.

11. All documents posted on the System will be identified by: (a) the name of the serving law firm; (b) the caption(s) of the case(s) to which the document belongs; and (c) the title of the document set forth on its caption.

12. The System shall contain an index of all served documents for the litigation that will be searchable and sortable according to methods that are useful.

13. Access to the System will be limited to registered users. Registered users will consist of authorized Court personnel, Court-appointed special masters and referees, counsel of record and their designated staff members, parties, consultants, and experts. CASE ANYWHERE will provide each registered user with a username and password to access the System and the documents served in the litigation. CASE ANYWHERE personnel will perform all administrative functions for the System, but all initial data as well as additions, deletions or changes to the service list must be provided by the parties. Any disputes regarding initial data, additions, deletions or changes to the service list shall be submitted by CASE ANYWHERE to the Court for

resolution.

14. Every pleading and discovery-related document served electronically shall bear a facsimile or typographical signature of at least one of the attorneys of record (or, if applicable, the signature of a self-represent litigant) in a format acceptable to the Court. Typographical signatures shall be treated exactly as personal signatures for purposes of electronically served documents under the California Rules of Civil Procedure. The serving party of any document requiring multiple signatures (e.g., stipulations, joint status reports) must comply with applicable California Rules of Court and other authority relating to such document.

15. Any document transmitted to the System shall certify in the Proof of Service that a true and correct copy was electronically served by transmission to CASE ANYWHERE.

16. This Order, and any modifications thereto, shall also be binding on (i) any new parties that subsequently enter the Action and (ii) any parties to any matters deemed related to this Action by the Court. Any such party may object within ten (10) days after service of this Order.

17. CASE ANYWHERE shall have available to registered users a telephone helpline ((800) 884-3163) and e-mail support (support@caseanywhere.com).

18. Counsel shall serve a copy of this ORDER AUTHORIZING ELECTRONIC SERVICE on all parties.

**V. <u>CONCLUSION OF SERVICE</u>**

19. Unless otherwise instructed by the Court, CASE ANYWHERE shall maintain the Website and provide access to registered users until the earlier of the two events: (i) all parties have exhausted their appeals (or, alternatively, all appeal periods have lapsed or the parties have indicated their intention not to appeal) or, if the matter is settled as to all parties, all parties have been dismissed from the case; or (ii) the Court instructs CASE ANYWHERE to terminate the service.

20. Notwithstanding the above, access for individual law firms will be terminated upon the earlier of the following: (i) all parties represented by that firm have been voluntarily dismissed; (ii) the firm no longer represents any party in the litigation; or (iii) a final judgment for or against

LAW OFFICES OF RICHARD W. DAVIS
1901 AVENUE OF THE STARS, SUITE 200
LOS ANGELES, CALIFORNIA 90067
Tel 310.551.4123 • Fax 323.843.9291

each party represented by the law firm has been issued and all appeals therefrom have been exhausted or concluded (or the parties have indicated their intention not to appeal).

21. Each law firm shall notify CASE ANYWHERE if access by any of its registered users shall be terminated for any reason. Upon receipt of such notification, CASE ANYWHERE will terminate access rights for the indicated individual. Unless access has been terminated pursuant to the provisions above, access to the Website must be maintained for at least one attorney of record from each firm.

**IT IS SO ORDERED**.

**Elihu M. Berle**

DATED: 06/08/2023

Elihu M. Berle / Judge

JUDGE OF THE SUPERIOR COURT

LAW OFFICES OF RICHARD W. DAVIS
1901 AVENUE OF THE STARS, SUITE 200
LOS ANGELES, CALIFORNIA 90067
Tel 310.551.4123 • Fax 323.843.9291

LAW OFFICES OF RICHARD W. DAVIS
1901 AVENUE OF THE STARS, SUITE 200
LOS ANGELES, CALIFORNIA 90067
Tel 310.551.4123 • Fax 323.843.9291

**PROOF OF SERVICE**

**Annette Cody v. Abt Electronics, Inc.**
**Case No. 23STCV06834**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1901 Avenue of the Stars, Suite 200, Los Angeles, CA 90067.

On June 5, 2023, I served true copies of the following document(s) described as **[PROPOSED] ORDER AUTHORIZING ELECTRONIC SERVICE THROUGH CASE ANYWHERE** on the interested parties in this action as follows:

Scott J. Ferrell, Esq.
Victoria Knowles, Esq.
PACIFIC TRIAL ATTORNEYS
4100 Newport Place Drive, Suite 800
Newport Beach, CA 92660

Tel: 949.706.6464
Fax: 949.706.6469
Email: sferrell@pacifictrialattorneys.com
Email: vknowles@pacifictrialattorneys.com

Counsel for Plaintiff Annette Cody

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address rdavis@richardwdavis.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 5, 2023, at Westlake Village, California.

/s/ Richard W. Davis
Richard W. Davis

Electronically Received 06/15/2023 12:10 PM

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

FILED
Superior Court of California
County of Los Angeles
06/16/2023
David W. Slayton, Executive Officer / Clerk of Court
By: A. Rosas Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

ANNETTE CODY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ABT ELECTRONICS, INC., an Illinois corporation,

Defendant.

Case No. 23STCV06834
Assigned to Hon. Elihu M. Berle / Dept. 6

**JOINT STIPULATION PERMITTING PLAINTIFF TO FILE A FIRST AMENDED CLASS ACTION COMPLAINT; [~~PROPOSED~~] ORDER**

Action filed: April 3, 2023
Trial date: None set

**TO THE COURT, CLERK, ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE** that Plaintiff Annette Cody ("Plaintiff") and Defendant Abt Electronics, Inc. ("Defendant") (collectively, "the Parties") hereby jointly stipulate and respectfully propose as follows:

WHEREAS, Plaintiff filed her Complaint in this action on April 3, 2023;

WHEREAS, Defendant was served with the Summons and Complaint in this action on April 5, 2023;

WHEREAS, the Court set the Initial Status Conference ("ISC") for May 31, 2023, and until that time, ordered a stay of any responsive pleading by Defendant;

WHEREAS, at the ISC, the Court set a responsive pleading date for Defendant of June 21, 2023;

WHEREAS, the Parties met and conferred both before and after the ISC about the possibility of Defendant filing a demurrer to the Complaint;

WHEREAS, after the Parties' meet and confer efforts, the Parties believe that some of Defendant's intended arguments upon demurrer may be addressed by Plaintiff in a First Amended Complaint, thereby narrowing the issues to be presented to the Court upon demurrer; and

THEREFORE, the Parties jointly stipulate and respectfully request that Plaintiff be permitted to file a First Amended Complaint on or before June 23, 2023, and that Defendant be permitted to file its responsive pleading within 30 days thereafter.

Respectfully submitted,

Dated: June 15, 2023

PACIFIC TRIAL ATTORNEYS, APC

By: Scott Ferrell

Scott. J. Ferrell
Attorneys for Plaintiff and the Class

Dated: June 15, 2023

LAW OFFICES OF RICHARD W. DAVIS

By: Richard Davis

Richard W. Davis
Attorneys for Defendant

**[~~PROPOSED~~] ORDER**

The Court, having read and considered Plaintiff Annette Cody and Defendant Abt Electronics, Inc.'s joint stipulation, and good cause appearing therefore, hereby GRANTS the stipulation and ORDERS Plaintiff to file her First Amended Complaint on or before June 23, 2023, and Defendant file its responsive pleading within 30 days thereafter.

Elihu M. Berle

DATE: 06/16/2023

Elihu M. Berle / Judge

The Hon. Elihu M. Berle

Judge of the Superior Court

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660.

On June 15, 2023, I served the foregoing document described as **JOINT STIPULATION PERMITTING PLAINTIFF TO FILE A FIRST AMENDED CLASS ACTION COMPLAINT; [PROPOSED] ORDER** on the following person(s) in the manner indicated:

**SEE ATTACHED SERVICE LIST**

☐ (BY MAIL) I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Pacific Trial Attorneys, Newport Beach, California, following ordinary business practices.

☐ (BY OVERNIGHT FEDERAL EXPRESS) I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by Federal Express that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by Federal Express with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by Federal Express at Pacific Trial Attorneys, Newport Beach, California, following ordinary business practices.

☐ (BY HAND DELIVERY) I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for hand delivery by courier. I caused such document to be delivered by hand to the addresse(s) designated.

☐ **(**BY ELECTRONIC SERVICE) My electronic service address is ________________@pacifictrialattorneys.com. I am electronically serving the document described above and a copy of this declaration to the person, on the date shown below, to the email addresses of the persons listed in the attached service list.

☒ **(**BY ELECTRONIC SERVICE via USA Legal) I am electronically serving the document described above and a copy of this declaration to the person, on the date shown below, to the email addresses of the persons listed in the attached service list. I am readily familiar with the business' practice for filing electronically, and that the document would be electronically served the same day in the ordinary course of business following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on June 15, 2023, at Newport Beach, California.

Chantel Kirshner

**SERVICE LIST**

LAW OFFICES OF RICHARD W. DAVIS
Richard W. Davis, Esq.
1901 Avenue of the Stars, Ste. 200
Los Angeles, CA 90067
Tel: 310-551-4123
Fax: 323-843-9291
Email: rdavis@richardwdavis.com

Attorneys for Defendant, ABT ELECTRONICS, INC.

LAW OFFICES OF RICHARD W. DAVIS
1901 AVENUE OF THE STARS, SUITE 200
LOS ANGELES, CALIFORNIA 90067
Tel 310.551.4123 • Fax 323.843.9291

# PROOF OF SERVICE

**Annette Cody v. Abt Electronics, Inc.**
**Case No.**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1901 Avenue of the Stars, Suite 200, Los Angeles, CA 90067.

On June 30, 2023, I served true copies of the following document(s) described as **NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1332(d)(2)** on the interested parties in this action as follows:

Scott J. Ferrell, Esq.
Victoria Knowles, Esq.
Pacific Trial Attorneys
4100 Newport Place Drive, Suite 800
Newport Beach, CA 92660

Tel: 949.706.6464
Fax: 949.706.6469
Email: sferrell@pacifictrialattorneys.com
Email: vknowles@pacifictrialattorneys.com

Attornevs for Plaintiff Annette Codv

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address rdavis@richardwdavis.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 30, 2023, at Westlake Village, California.

/s/ Richard W. Davis
Richard W. Davis