PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE CODY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ABT ELECTRONICS, INC., an Illinois corporation,<br><br>Defendants. | Case No. 2:23-cv-05222-CAS-PVC<br>Assigned to Honorable Christina A. Snyder<br><br>**PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i)**<br><br>Complaint Filed: April 3, 2023<br>Action Removed: June 30, 2023 |

- 1 -

1    TO THE COURT, CLERK AND ALL PARTIES OF RECORD, please take notice

2   that Plaintiff Annette Cody ("Plaintiff") respectfully requests dismissal of the instant

3   action pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure *with*

4   *prejudice* as to the Plaintiff's individual claims, and *without prejudice* as to the putative

5   class.  There has been no responsive pleading or motion filed, no class has been certified,

6   and there is no settlement or concession of class interests.

7    Pursuant to Rule 23(e), "the district court should inquire into possible prejudice

8   from (1) class members' possible reliance on the filing of the action if they are likely to

9   know of it either because of publicity or other circumstances, (2) lack of adequate time

10  for class members to file other actions, because of a rapidly approaching statute of

11  limitations, (3) any settlement or concession of class interests made by the class

12  representative or counsel in order to further their own interests."  *Diaz v. Trust Territory*

13  *of the Pacific Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989).

14   Plaintiff contends the *Diaz* factors do not apply to the facts of this case, but even

15  if they did, dismissal is nonetheless proper.  In 1989, the Ninth Circuit held in *Diaz* that

16  Rule 23(e) applies prior to class certification. 876 F.2d at 1408. At that time, Rule 23

17  provided that "[a] class action shall not be dismissed or compromised without the

18  approval of the court . . . ." Fed. R. Civ. P. 23(e) (as amended Mar. 2, 1987, eff. Aug. 1,

19  1987). Under *Diaz*, the district court evaluating dismissal is to "inquire into possible

20  prejudice from (1) class members' possible reliance on the filing of the action if they are

21  likely to know of it either because of publicity or other circumstances, (2) lack of

22  adequate time for class members to file other actions, because of a rapidly approaching

23  statute of limitations, (3) any settlement or concession of class interests made by the class

24  representative or counsel in order to further their own interests." 876 F.2d at 1408

25  (citations omitted).

26   Notably, *Diaz* was decided prior to amendments to Rule 23(e), which clarified that

27  Rule 23(e) applies to certified classes or settlement classes.  Specifically, Rule 23(e) now

28  provides that "[t]he claims, issues, or defenses of a *certified class*—or a *class proposed*

*to be certified for purposes of settlement*" may be settled or voluntarily dismissed "only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added); *see also Lee v. CVS Pharmacy, Inc.*, No. 3:20-cv-01923-BEN-DEB, 2021 WL 308283, at *2 (S.D. Cal. Jan. 28, 2021) (acknowledging that "in 2003, the Congress revised Rule 23 to make clear that court approval is only required in a putative class action where the plaintiff seeks to approve a settlement of both individual and class claims"); 7B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc., *Settlement, Voluntary Dismissal, or Compromise of Class Actions* § 1797 (3d ed. 2021) ("settlements or voluntary dismissals that occur before class certification are outside the scope of subdivision (e)"). Accordingly, because no class has been certified and there is no settlement of any kind in this action, Rule 23(e) does not apply. *See* Fed. R. Civ. P. 23(e).

Nevertheless, even if the Court were to apply the *Diaz* factors to these circumstances, dismissal would be proper. *First*, it is unlikely that any putative class members have relied on the action to protect their interests given that the case is in its infancy and there are no circumstances suggesting reliance on Plaintiff's claims. This action has not been publicized in any way and as such, the putative class members are highly unlikely to have knowledge of it, or to have relied upon it in any way. Similarly, Plaintiff's counsel is unaware of any other circumstances that may have led to the putative class's knowledge of, or reliance upon, this action. *Second*, just over three total months have passed since the filing of the Complaint. Plaintiff's earliest interaction with the chat feature on Defendant's website was in late February 2023 and as such, based on the one-year statute of limitations associated with his cause of action, the statute of limitations shall not run until late February 2024. As such, the rights of the putative class are preserved by the solely individual dismissal of Plaintiff's claims with prejudice. *Third*, as discussed above, there is no settlement or concession of putative class interests given that there has been no settlement or compromise of any kind related to any potential class claims asserted in the Complaint. *Diaz* should not stand as a barrier to dismissal, given the subsequent amendments to Rule 23(e) and the facts of this case in which there

NOTICE OF VOLUNTARY DISMISSAL                    Case No.: 2:23-cv-05222-CAS-PVC

1    is no settlement or compromise of any class claims, no collusion, and no potential

2    prejudice to any putative class member. Moreover, the dismissal as to any putative class

3    members would be *without prejudice*.

4          For all the foregoing reasons, the Plaintiff respectfully requests that the Court enter

5    a dismissal of this action *with prejudice* as to the named Plaintiff and *without prejudice*

6    as to the putative class.

7                                                  Respectfully submitted,

8    Dated:  July 6, 2023                          PACIFIC TRIAL ATTORNEYS

9                                                  By: */s/ Scott J. Ferrell*
                                                   Scott J. Ferrell
10                                                 Attorney for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF VOLUNTARY DISMISSAL                                   Case No.: 2:23-cv-05222-CAS-PVC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2023, I electronically filed the foregoing **PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Scott J. Ferrell Esq.*
Scott J. Ferrell, Esq.

CERTIFICATE OF SERVICE                                          Case No.: 2:23-cv-05222-CAS-PVC